[S. F. No. 9906. In Bank.—December 22, 1921.]

## IRENE MOELING WEEKS, Petitioner, v. SUPERIOR COURT, etc., et al., Respondents.

[1] DIVORCE—CONTEMPT—RIGHT TO FINAL DECREE.—A party to an action for divorce who has willfully disobeyed a lawful order of the court relating to the custody of the minor child of the marriage is not entitled to have the final decree entered until she has purged herself of the contempt.

[2] ID.—CONSTRUCTION OF CODE.—Section 132 of the Civil Code, which provides that when one year has expired after the entry of the interlocutory decree the court, on motion of either party, may enter the final judgment granting the divorce, does not mean that a party may have a final decree entered when to do so would be a flagrant abuse of the principles of equity and of the due adminis-

---

1. Right to enter final decree of divorce after time fixed by interlocutory decree expires, note, 1 A. L. R. 1591.

tration of justice, since it is within the contemplation of the section that facts arising subsequently to the granting of the interlocutory judgment should have their influence in determining the right to a final decree.

[3]  CONTEMPT—STATUS OF PARTY.—A party to an action cannot with right or reason ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to its legal orders and processes.

APPLICATION for a Writ of Mandamus to compel the granting of a final decree of divorce.  Denied.

The facts are stated in the opinion of the court.

Max J. Kuhl and C. F. Eldridge for Petitioner.

T. P. Wittschen and G. E. Jackson for Respondent.

WASTE, J.—The petitioner seeks a writ of mandate to compel the respondent to grant her a final decree of divorce. Her application here is based upon the refusal of the superior court to act, for the reason that the petitioner, as a party to the divorce action, has willfully disobeyed the lawful order of the court relating to the custody of a child of the marriage, and is, therefore, in contempt of court.

The petitioner is the defendant in an action for divorce brought against her by her husband on the ground of extreme cruelty.  When the action came on for trial she was represented in court by counsel, and she and the minor child of the marriage were in the state and within the jurisdiction of the superior court.  By the terms of the interlocutory decree the court determined that the husband was entitled to a divorce, and awarded him the custody and control of the minor.  On the day of the trial, and after the decree was granted, the petitioner, without the consent or permission of the court or of the plaintiff in the action, removed the minor from the state, where she has kept the child ever since. When one year expired after the entry of the interlocutory judgment, the petitioner, without coming into the state, applied to the respondent, through an attorney, for the entry of a final judgment granting the divorce.  Her application was opposed by the plaintiff in the action on the facts stated, and upon the ground that petitioner is in contempt of court in keeping the minor outside the jurisdiction of the superior

court to prevent him from gaining possession of the child in accordance with the court's decree. Petitioner made no attempt to controvert these facts or the allegation as to her motive.

[1] We think the respondent was right in refusing to enter the final decree of divorce. [2] Section 132 of the Civil Code provides that when one year has expired after the entry of the interlocutory decree the court, on motion of either party, or upon its own motion, may enter the final judgment granting the divorce. But that does not mean that a party to the action may have a final decree entered when to do so would be a flagrant abuse of the principles of equity and of the due administration of justice. It is within contemplation of the section that facts arising subsequently to the granting of the interlocutory judgment should have their influence in determining the right to a final decree. (*Olson* v. *Superior Court,* 175 Cal. 250, 252, [1 A. L. R. 1589, 165 Pac. 706].) When one becomes a voluntary actor before a court and seeks the court's aid it is manifestly just and proper that in invoking that aid he should submit himself to all legitimate orders and processes. [3] No party to an action can, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to its legal orders and processes. (*O'Neill* v. *Thomas Day Co.,* 152 Cal. 357, 362, [14 Ann. Cas. 970, 92 Pac. 856].) "No rule of law seems more widely prevalent or better established than that a court whose authority has been put to naught will extend no favors or privileges to the party in contempt until he has acknowledged its authority by purging the offense." (4 Ency. Pl. & Pr. 805; 13 Corpus Juris, 91; *Winter* v. *Superior Court,* 70 Cal. 295, [11 Pac. 633] ; *Monterey Coal Co.* v. *Superior Court,* 11 Cal. App. 207, [104 Pac. 585] ; *Smith* v. *Smith,* 18 Wash. 158, [51 Pac. 355] ; *Campbell* v. *Justices of the Superior Court,* 187 Mass. 509, [2 Ann. Cas. 462, 69 L. R. A. 311, 73 N. E. 659] ; *White* v. *White,* 148 App. Div. 883, [132 N. Y. Supp. 1043].)

The identical situation presented by this application was but recently considered by the supreme court of Washington. Pending the determination of a divorce action the superior court of that state ordered the plaintiff, the wife, to keep the child of the parties to the action within the jurisdiction

of the court. She failed to comply with the order and moved the court for a voluntary dismissal of her action. The court refused to entertain the motion for the reason that the plaintiff was at the time in contempt of court for failure to obey its order. The plaintiff thereupon sought a writ of mandate to compel the superior court to hear and grant her motion. The supreme court held that the statute of Washington conferred an absolute right upon the plaintiff in the action to dismiss her action, but that as she was in contempt, she would not be allowed to present her motion to dismiss until she cleared herself of that contempt. (*State ex rel. Hunter* v. *Ronald,* 106 Wash. 413, [180 Pac. 125].) So, in this case, the petitioner has treated the order of the court with contempt and removed herself and the minor from the jurisdiction so that it cannot be enforced. She should not be allowed to make application for final decree of divorce until she has submitted to the lawful order of the superior court in relation to the custody of the child of the parties to the action or otherwise purged herself of the contempt.

The application for the writ is denied.

Wilbur, J., Richards, J., *pro tem.,* Lennon, J., Shurtleff, J., Sloane, J., and Shaw, C. J., concurred.

Rehearing denied.

All the Justices concurred.