[Civ. No. 4984.  Second Appellate District, Division Two.—May 6, 1925.]

## R. E. SULLIVAN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] DIVORCE — INTERLOCUTORY DECREE — SETTLEMENT OF PROPERTY RIGHTS—WAIVER OF ERROR.—Disposition of the property rights of the parties to an action for divorce has no proper place in the interlocutory decree; but where the trial court, by its interlocutory decree, directs that the husband convey certain land to the wife

––––––––––

1. See 9 **Cal. Jur.** 760, 762.

and that he build her a house thereon, and there is no appeal from such decree, and no attempt is made under section 473 of the Code of Civil Procedure to set it aside, it becomes, through lapse of time, as fully a finality as if the matters therein mentioned were included in a final decree, and it may not thereafter be attacked on the ground that it must be regarded as an·agreement to perform personal services and that, therefore, the court has no right to adjudge the husband guilty of contempt for nonperformance or to require performance as a condition precedent to the entry of a final decree.

[2] ID. — UNCERTAINTY — SEVERABLE ORDERS — DISOBEDIENCE OF VALID ORDER—CONTEMPT.—In such action, the order to convey the land to the wife having been definite and certain, and the husband having been adjudged guilty of contempt for disobedience of that order, it was immaterial that the order to build the house was indefinite and uncertain and that, therefore, it could not furnish ground for a charge of contempt in disobeying it.

[3] ID.—FINAL ORDERS—INSUFFICIENT PLEADINGS.—Such interlocutory decree having become a finality, by lapse of time, the orders to convey the land to the wife and to build a house thereon were not thereafter subject to attack on the ground that there were no allegations in the pleadings in the divorce action to support them.

[4] ID.—CONTEMPT BY SUCCESSFUL LITIGANT—DENIAL OF FINAL DECREE.—Where the party in whose favor an interlocutory decree of divorce has been granted is in ·contempt of some requirement of that decree, he may be denied a final decree upon that ground.

(1) 19 C. J., p. 338, n. 22 New, p. 339, n. 44 New, 48 New.
(2) 19 C. J., p. 339, n. 48 New.   (3) 19 C. J., p. 185, n. 4, 5.
(4) 19 C. J., p. 170, n. 81 New.

PROCEEDING in Mandamus to compel the Superior Court of Los Angeles County, and J. W. Summerfield, Judge thereof, to enter a final decree of divorce.   Peremptory writ denied.

The facts are stated in the opinion of the court.

Hilton & Critchley for Petitioner.

Sebald L. Cheroske for Respondents.

WORKS, J.—Petitioner presented his petition asking that respondents be ordered to enter a final decree in an action for divorce between petitioner and his wife which is pend-

3.   See 9 Cal. Jur. 768.

ing in respondent court, and our alternative writ of man-
date went forth. Respondents make return by demurrer to
the petition.

The petition alleges that on September 27, 1922, petitioner
and his wife entered into a written agreement for the settle-
ment of their property rights; that the agreement provided,
among other things, that petitioner ''shall cause to be con-
veyed unto'' the wife certain particularly described real
property in Los Angeles County, and ''shall further cause
to be erected and constructed upon said real property a
dwelling-house of five rooms''; that theretofore, on July 20,
1922, petitioner commenced in respondent court an action
against his wife for divorce on the ground of desertion; that
on April 5, 1923, respondent court rendered its interlocutory
decree of divorce in that action, which decree adjudged in
part ''that the plaintiff shall cause to be conveyed unto the
defendant'' the real property already mentioned, and that
''said plaintiff shall further cause to be erected and con-
structed upon said real property a dwelling-house of five
rooms''; that ''thereafter and on the seventeenth day of
April, 1924, more than one year having elapsed since the
entry of the interlocutory decree and no appeal having been
taken from said judgment and no motion for a new trial hav-
ing been made, and the action not having been dismissed,
this petitioner made application for a final decree; that
thereupon . . . the defendant in the said action for divorce,
filed therein her petition based upon her affidavit . . .
asking that a final decree be denied this petitioner in that
he was in contempt of court, having failed to comply with
the terms of the aforementioned interlocutory decree in that
he had failed . . . to convey unto said defendant the afore-
mentioned property and had further failed to erect thereon
a house in accordance with the terms of said interlocutory
decree''; that thereafter, on May 22, 1924, before respondent
judge, evidence was adduced in support of the last men-
tioned petition and ''the court after considering all testi-
mony found that this petitioner . . . had not complied
with the order of the court . . . in that he had not deeded
said land'' to his wife ''and that he had further not erected
thereon a house as per the said interlocutory decree''; that
at said hearing petitioner showed by ''uncontradicted tes-
timony that on account of financial reasons he was unable
to comply with the order of the court in the building of

the said house but in lieu thereof had furnished'' his wife ''with an apartment and paid therefor out of his own funds''; that ''he had offered to convey said lot to'' his wife, but that she ''refused to join with him in the said conveyance according to the law . . . and petitioner stands now ready and willing to deed said land'' at any time when his wife ''will join in the said conveyance to herself''; that it ''was further shown at said hearing that this petitioner had put forth every effort to secure a loan to build said house, but that he was unable to secure such loan and not having the money himself was unable to comply with the said order of court''; that thereafter and on July 29, 1924, respondent judge caused to be entered an order holding petitioner in contempt of court for his failure to deed the land and to build the house, as required by the interlocutory decree; and that thereafter respondent judge refused to make and enter a final decree of divorce because of the order holding petitioner in contempt of court. The prayer of the petition is that respondents be required to set aside the order adjudging petitioner guilty of contempt of court and to enter a final decree of divorce.

[1] Petitioner contends that the requirements that he build the house and convey the land had no proper place in the interlocutory decree and were not therefore a basis for the order adjudging him to be in contempt. It has been decided several times, on appeals from interlocutory decrees of divorce, that such matters as those mentioned are not properly to be covered by such decrees. See *Radich* v. *Radich,* 64 Cal. App. 605 [222 Pac. 182], and cases cited in the opinion there rendered. Where, however, there is no appeal from the interlocutory decree, the rule is quite different. The attempt by interlocutory decree to make disposition of the property rights of the parties to the action does not represent a departure from the jurisdiction of the court. It is but a mere matter of error. If the interlocutory decree is not appealed from, or no attempt is made under section 473 of the Code of Civil Procedure to set it aside on the ground that it was rendered through the surprise, inadvertence, or excusable neglect of the defendant, it becomes, through lapse of time, as fully a finality as if the matters mentioned were included in a final decree. In the absence of an appeal, or of a motion for relief under section 473, the parties are concluded by it (*Abbott* v. *Superior Court,* 69 Cal. App. 660 [232 Pac. 154]). Here the time within

which an appeal might have been taken and the time within which relief might have been sought under section 473 had both expired. The interlocutory decree became then, in the respects mentioned, as good as a final decree, granting that error was committed in its rendition.

Petitioner contends for the invalidity of the interlocutory decree on another ground, and insists that because of its alleged invalidity on that ground he could not legally be charged with contempt of court in refusing to obey it. The ground insisted upon is this: The provision of the interlocutory decree requiring the building of a house is void, for the reason that the courts will not specifically enforce the performance of a contract by which it is agreed that personal services shall be rendered. This point comes within the ruling of *Abbott* v. *Superior Court, supra.* If the agreement to build be regarded as an agreement to perform personal services, the attempt of respondent court to decree a specific performance of it can be regarded as nothing more than error, if, indeed, it is to be regarded even as error, which we do not decide, and petitioner has had his opportunity to correct the error by appeal. Not having availed himself of the opportunity, the requirement of the decree in the regard mentioned has become conclusive against him.

[2] Petitioner makes the further point that the interlocutory decree could not form a proper basis for the contempt charged against him, for the reason that the order to build the house was indefinite and uncertain. He cites authority, in support of his contention, to the effect that an uncertain order cannot furnish ground for a charge of contempt in disobeying it. We need not, however, decide whether the order in the respect mentioned was indefinite and uncertain. There still remains the order to convey. As petitioner was held in contempt as for a disobedience in the matter of that order, it is unimportant whether he was in contempt of the order to build.

[3] It is insisted that the order to build and the order to convey were alike void upon the ground that there were no allegations of the pleadings in the divorce action to support them. This question is concluded under the rule stated in *Abbott* v. *Superior Court, supra.*

[4] It is contended that an interlocutory decree of divorce having been rendered, the party in whose favor it had

been made cannot be denied a final decree upon the ground that he is in contempt of some requirement of the interlocutory decree. Directly the contrary has been decided (see *Weeks* v. *Superior Court,* 187 Cal. 620 [203 Pac. 93]).

Demurrer sustained. The alternative writ of mandate is vacated and a peremptory writ is denied.

Finlayson, P. J., and Craig, J., concurred.