[Civ. No. 8789. First Appellate District, Division Two.—March 1, 1933.]

GREGORY J. ISAKSON, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Samuel B. Russell for Petitioner.

Brewster A. Ames for Respondents.

SPENCE, Acting, P. J.—Petitioner seeks a writ of mandate to compel the respondent court to grant a final decree of divorce in that certain action entitled, *Gregory J. Isakson* v. *Mary S. Isakson,* being action numbered 219460 in the files of said court. An alternative writ was issued herein, but no demurrer or answer to the petition has been filed. On the return day a request was made on behalf of respondents

for time to file a brief, which request was granted and the cause continued to the next calendar. At the hearing had on the day to which the cause had been continued no appearance was made on behalf of respondents and no brief has been filed.

It appears from the uncontradicted allegations of the petition that the interlocutory decree of divorce was signed, filed and entered on December 16, 1930. It was thereby adjudged that the petitioner was entitled to an interlocutory decree of divorce from defendant on the ground of defendant's extreme cruelty. Provision was made therein for the division of certain personal property of the community and it was further ordered that the petitioner herein pay to defendant the sum of $1,500 ''in full of all alimony, maintenance and support of every kind'' and the further sum of $150 ''in full of counsel fees herein. Said several sums to be paid on or before January 15, 1931.'' Although petitioner on August 25, 1932. and several subsequent occasions duly submitted his ''Affidavit for Final Judgment of Divorce'' as required by the rules, the respondent court has at all times refused petitioner's applications for the granting of the final decree because of petitioner's failure to fully comply with the provisions for payment of alimony. Said affidavit above mentioned was in all respects in the usual form except that it did not show full compliance with the order for the payment of the above-mentioned sums. In lieu thereof it showed that petitioner had paid the sum of $675 on account and it set forth in full the reasons for his failure to pay the balance. We need not set forth all of the facts therein alleged regarding petitioner's financial condition except to state that it appeared that petitioner had been compelled to borrow money and clearly showed his inability to pay the required sums in full. In addition thereto the affidavit showed that petitioner had never been adjudged in contempt for failure to pay said sums and that although petitioner was willing and anxious to pay the same he could not comply with the order further than to pay the sum of $25 per month on account thereof, which sum he was paying. Neither in the trial court nor on this proceeding have petitioner's allegations relating to his inability to make further payments been controverted. It therefore appears that peti-

tioner has not been in contempt by reason of his failure to fully comply with the order.

Under the circumstances the respondent court should have granted petitioner's application for a final decree of divorce and we are of the opinion that *mandamus* is a proper remedy. (*Claudius* v. *Melvin*, 146 Cal. 257 [79 Pac. 897]; *Olson* v. *Superior Court*, 175 Cal. 250 [165 Pac. 706, 1 A. L. R. 1589]; *McGuinness* v. *Superior Court*, 196 Cal. 222 [237 Pac. 42, 40 A. L. R. 1110]; *Newell* v. *Superior Court*, 27 Cal. App. 343 [149 Pac. 998].)

Let a peremptory writ of mandate issue as prayed.

Sturtevant, J., and Goodell, J., *pro tem.*, concurred.