[Civ. No. 10878. Second Appellate District, Division Two.—March 24, 1936.]

WALTER W. EMERSON, Appellant, v. JANE N. EMER-SON, Respondent.

Milton M. Cohen and Milton M. Cohen, Jr., for Appellant.

W. I. Gilbert for Respondent.

GOULD, J., *pro tem.*—Plaintiff husband sued for divorce upon the ground of adultery, naming a mutual friend as co-respondent; defendant wife countered with a cross-complaint for divorce upon the same ground, naming the wife of the mutual friend as corespondent and also charging extreme cruelty. After a protracted trial divorce was denied the husband upon the ground that although the wife's adultery was proved and even admitted, nevertheless it was found that the husband connived at his wife's illicit conduct; and divorce was also denied the wife upon the ground that her charges were not sustained by the evidence.

The husband alone appeals. But one question is presented: Is there evidence sufficient to support the trial court's finding that appellant was guilty of conniving at respondent's adulterous relationship with her corespondent?

It is sufficient to point to the incidents and the inferences reasonably to be deduced therefrom of the night of November 3-4, 1934, at an Ocean Park cottage, when appellant and the wife of the corespondent lay upon a couch in the room adjoining that in which respondent and the corespondent occupied a bed, the door being open between the two rooms; to the testimony of respondent that she and appellant had frankly discussed the situation and he had told her to "lead your own life"; to the testimony of the corespondent as to his conversations with appellant; to the continued evidences of friendship between appellant and corespondent in spite of the former's knowledge of the relations between his wife and said corespondent; to the testimony of the maid in appellant's home, and to numerous other items in the voluminous record in this case, to discover substantial evidence to support the trial court's conclusion that appellant connived at his wife's conduct and that the relations between respondent and corespondent were "acquiesced in and known to" him.

It is true that equally ample evidence in the record would support a different conclusion than that reached on the hearing of this case, but the weight of the evidence and the credibility of witnesses are with the trial court, and all conflicts in testimony are to be resolved on appeal in favor of the judgment of the lower tribunal. With its conclusions as to matters of fact we may not interfere if, as here, there is substantial evidence to support its findings.

■ Appellant stresses the point that even assuming connivance on the part of appellant as to some of the acts of adultery, there is in any event no showing that he was guilty of connivance as to all of them, especially the matters complained of in the supplemental complaint. We do not think that the various episodes of the relationships of these parties can be segregated into separate categories. The circumstances constituting the connivance extended over a considerable period of time and the acquiescence of appellant was to the entire course of respondent's conduct, the court found. This finding was based upon substantial evidence.

■ An action for divorce is one in equity (9 Cal. Jur. 775), and it is the duty of the court, representing the state, "to guard strictly against fraud, collusion or imposition when the husband or wife seeks to dissolve the bonds that bind them together". (*Rehfuss* v. *Rehfuss,* 169 Cal. 86 [145 Pac. 1020].) ■ Connivance is expressly made a ground requiring denial of a divorce. (Civ. Code, secs. 111, 112.) Connivance, it has been held, can usually be proved only by proving facts from which it may be inferred (*Morrison* v. *Morrison,* 136 Mass. 310) ; and in *Delaney* v. *Delaney,* 71 N. J. Eq. 246, 256 [65 Atl. 217, 219], it is said that if the husband's conduct "indicates an intent, or even a willingness, that the act of adultery may take place, or even culpable negligence in not preventing it, . . . the decree will be denied". We feel that in the case before us for consideration the conclusions reached by the trial court and supported, as we have indicated, by substantial evidence, warranted and compelled a denial of the divorce decree sought by appellant.

Judgment affirmed.

Wood, J., and Crail, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 10, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 21, 1936.