[Civ. No. 11071.   First Appellate District, Division One.—April 7, 1939.]

ALFRED H. PEARSON, Petitioner, v. THE SUPERIOR COURT OF CONTRA COSTA COUNTY et al., Respondents.

Paul D. Morse for Petitioner.

Tsar N. Calfee and Norman A. Gregg for Respondents.

TYLER, P. J. — An interlocutory decree of divorce was granted to the wife of petitioner on the 7th day of July, 1936. Petitioner seeks a writ of mandate to compel the entry of a final decree which has been withheld until back alimony payments for the support of his wife and their child have been paid. The first petition for a final decree was filed in November of 1938, but the judge refused to sign the same until petitioner paid to his former wife all sums due and remaining unpaid under the interlocutory judgment and decree of divorce, with an additional sum representing the amount of certain liens against property formerly belonging to petitioner and awarded to the wife in said divorce action. On the 6th day of February, 1939, petitioner again, through his counsel, presented to the judge a final decree of divorce in due form and there requested the said judge to grant and sign the same, but the application was again denied until petitioner herein paid to his former wife all sums accrued and remaining unpaid under said interlocutory judgment and decree.

It is contended that the refusal of the judge to grant and sign said final decree is arbitrary and unreasonable and an abuse of discretion by said judge, for the reason that petitioner has been unable to fully comply with said order and said interlocutory judgment and decree of divorce; that he has complied with the same to the best of his ability. Attached to the petition for a final decree is an affidavit of petitioner herein showing the amounts of money he has earned since said interlocutory decree was entered. It appears therefrom that petitioner has been spending the sum of $45 a month for the operation and upkeep of an automobile, which he claims is necessary in his occupation as a carpenter, in addition to other sums which he claims are necessary for his support. The return to the petition shows that petitioner has not complied with the orders of respondent court, in accordance with his ability so to do, for which reason the court refused to sign the decree as prayed for by him; that he

would have been committed for contempt had it not been for the hardship such an order would have worked on his family.

On each of said hearings evidence was taken as to the ability of petitioner to pay, and as to his earnings, and on each of said hearings the court found and expressed its opinion that the defendant, petitioner herein, was in contempt of court, and in each case the matter was continued and petitioner admonished by the court to make payments in accordance with the orders or he would be committed for contempt. A large percentage of the payments made by the petitioner were made under compulsion of the processes of the respondent court, and the threats of respondent court and judge thereof that he would be committed until he complied with the orders of the court. Petitioner's attitude in the matter was one of passive resistance to the orders of the court and the judge thereof. The court was of the opinion that the petitioner herein was in contempt of court and for that reason the final decree was denied.

We are of the opinion that respondent court was justified in refusing to enter the final decree of divorce. The section of the code providing for the entry of a final decree of divorce contemplates obedience to the orders contained in the interlocutory decree. One invoking the aid of a court should submit himself to all legitimate orders and processes. No party to an action can ask the aid and assistance of a court in hearing his demand while he stands in an attitude of contempt to its legal orders and processes. The trial court has found that petitioner has treated the order of the court with contempt and that he should not be permitted to make an application for a final decree until he has purged himself from the contempt. We are cited to the case of *Isakson* v. *Superior Court,* 130 Cal. App. 180 [19 Pac. (2d) 840], in support of the petition. It there appears that the applicant was in no financial position to comply with the order and his inability to make payments was not disputed.

The application for a writ is denied.

Knight, J., and Ward, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 6, 1939.