[S. F. No. 16963.   In Bank.   Mar. 6, 1945.]

MARION M. MILLER, Respondent, v. LOREN F. MILLER, Appellant.

Campbell, Hayes & Custer and Robert E. Hayes for Appellant.

Francis N. Foley and J. A. Branson for Respondent.

GIBSON, C. J.—On December 8, 1941, plaintiff procured an interlocutory decree of divorce from defendant. The decree provided that defendant, a schoolteacher, should pay to plaintiff $40 a month for her support and maintenance and $20 a month for the support and maintenance of the minor child of the parties, custody of whom was awarded to plaintiff. The decree further provided that defendant was to pay for all reasonable and necessary medical and dental care and treatment of the child. At the time of entry of the interlocutory decree, the child was two years of age and suffered from asthma. On January 18, 1943, *defendant* procured entry of the final decree upon presentment of an affidavit averring that he had fully complied with the provisions of the interlocutory decree and was not in default thereof. This affidavit was executed in Oregon where defendant was then stationed in the Army of the United States. In June, 1943, plaintiff moved to set aside the final decree on the ground that it had been procured by fraud in that at the time of its entry defendant, contrary to his affidavit, was in default in the payments required by the interlocutory decree. On June 21, 1943, less than six months after its entry, the trial court granted the motion and set aside the final decree for fraud in its procurement. Defendant has appealed from the vacating order.

There can be no question as to the inherent power of the court to set aside the final decree if obtained by fraud.

Plaintiff's affidavit in support of the motion to vacate and her testimony upon the hearing tend to establish that at the time defendant filed the affidavit for entry of the final decree, wherein he recited that "all the requirements [of the interlocutory decree] have been fully complied with . . . and he is not in default in any thereof," defendant was aware that he was in default in the sum of $30 for her support and maintenance and in default in excess of $1,200 for the child's medical care and treatment. Because the interlocutory decree did not provide that the installments for plaintiff's maintenance were payable in advance, defendant urges that when the final decree was entered on January 18, 1943, he was not in

default therein in the sum of $30, as urged by plaintiff. Assuming the correctness of this contention, it would avail defendant nothing if his affidavit were false in any other respect, i. e., if he were shown to be in default with respect to the payment of the bills for the child's medical care and treatment. In this latter respect, the plaintiff testified that the child had asthma and had been hospitalized a great part of the time, spending in excess of two weeks in an oxygen tent because of pneumonia; that accumulated medical and hospital bills in excess of $1,200 remained unpaid; that in the interim between entry of the two decrees many of these bills had been forwarded to defendant, some of them before he was inducted into the Army; that included among the bills was a doctor's bill for $83 which existed at the time the divorce action was tried and the payment of which was then imposed on the defendant.

The issue before the court on the motion to vacate the final decree involved the truth or falsity of defendant's affidavit theretofore offered in support of his application for entry of that decree. In other words, the issue was whether defendant, as required by the interlocutory decree, had paid for "all reasonable and necessary medical and dental care and treatment" of the child. It is not disputed that the child was sick of asthma and pneumonia during the year preceding entry of the final decree and required the care of doctors and hospitalization. ■ Manifestly, it may not be successfully asserted by defendant that all bills for such services and care were not reasonable at least in part. ■ As remarked by the trial court, if defendant's affidavit was false in any amount, no matter how small, with respect to its recital of payments, it would warrant setting aside the final decree based thereon. In our opinion, the showing here made warranted the relief granted, particularly when at least one of the unpaid bills had been imposed on defendant when the interlocutory decree was entered and remained unpaid when he obtained entry of the final decree upon the representation that he had paid all charges imposed on him.

■ This brings us to a consideration of the correctness of the trial court's disposition of two procedural matters or issues that arose upon the hearing of plaintiff's motion to vacate the final decree. When the motion came on for hearing defendant's counsel presented a petition, signed and verified

by defendant's mother, in which she alleged that defendant was then in the Army and stationed at a camp in Mississippi. The petition was filed under the Soldiers' and Sailors' Civil Relief Act of 1940 (54 U. S. Stats. 1178, 1181, § 201; 50 U.S.C.A.App. § 521) and prayed that "all further proceedings . . . be stayed" on plaintiff's motion to set aside the final decree. The cited section of the Soldiers' and Sailors' Civil Relief Act provides that "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall. on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

The case of *Boone* v. *Lightner*, 319 U.S. 561, 565 [63 S.Ct. 1223, 87 L.Ed. 1587], while recognizing that the act is to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation, declares that it "cannot be construed to require continuance on mere showing that the defendant was in . . . the military service. Canons of statutory construction admonish us that we should not needlessly render as meaningless the language which, after authorizing stays, says 'unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense *is not materially affected by reason of his military service.'* The Act of 1940 was a substantial reenactment of that of 1918. The legislative history of its antecedent shows that this clause was deliberately chosen and that judicial discretion thereby conferred on the trial court instead of rigid and undiscriminating suspension of civil proceedings was the very heart of the policy of the Act." (Italics added.)

Congress has determined that it is not necessary in order to protect the rights of those in military service to grant to them the absolute right to a stay; that the rights of all concerned, those in the service and civilian litigants, must be considered; and that the rights of those in the service would be adequately protected by the trial judges, who, in each case,

could determine whether the service man's rights would be adversely affected by the fact of his service. (*Johnson* v. *Johnson,* 59 Cal.App.2d 375, 383 [139 P.2d 33].)

Under all the circumstances of this case we cannot say that the trial court abused its discretion in denying a continuance under the Soldiers' and Sailors' Civil Relief Act. When it denied the continuance, the court had before it plaintiff's sworn affidavit reciting defendant's default under the interlocutory decree. In the face of this prima facie showing that defendant had perpetrated a fraud upon the court in theretofore procuring entry of the final decree upon the representation that he had "fully complied" with the interlocutory decree, the court exercised a sound discretion when it concluded to proceed with the hearing. Such fraud, if established, would not only vitiate the final decree but would have a material bearing upon the future rights and obligations of the parties and of the minor child. Moreover, the wrong complained of by plaintiff, viz., defendant's execution of an assertedly false affidavit, was committed *after* defendant had entered the Army. His military service in another state did not prevent him from procuring the final decree. Having thus set in motion *after* his entry into the Army the chain of circumstances giving rise to the proceeding to vacate, the trial court in the exercise of a sound discretion could reasonably reject defendant's plea for an indefinite postponement of an investigation of those circumstances.

. It is not shown that defendant was prejudiced because the hearing was held in his absence. As stated above, the sole issue to be determined by the trial court was the truth or falsity of his affidavit presented in support of the entry of the final decree. If it was false in any material respect the decree based thereon must fall because of the fraud so practiced upon the court. Plaintiff, as shown above, testified to the illness of the child in the interim between entries of the two decrees and she further testified in detail as to the accumulated medical and hospital bills resulting therefrom, naming the doctors and hospitals who had performed services and rendered care. She also testified, as already related, that one of the unpaid bills had been incurred before entry of the interlocutory decree and had been then imposed upon defendant. These matters could be verified by counsel who represented defendant at all stages of the hearing. All necessary witnesses

were available and subject to counsel's interrogation, and the presence of defendant was not indispensable to any investigation as to the nature and scope of the medical services performed or the reasonableness of the charges therefor. Thus, under all the circumstances here present and particularly in the absence of a showing of prejudice resulting from defendant's absence, it was not error for the trial court to deny a continuance under the Soldiers' and Sailors' Civil Relief Act of the hearing on plaintiff's motion to vacate the final decree obtained by defendant after he entered the Army upon the representation that he had "fully complied" with "all" requirements of the interlocutory decree and was "not in default in any thereof."

■ For the reasons already stated, we likewise find no abuse of discretion in the trial court's action denying defendant's application for a three-week continuance independent of the Soldiers' and Sailors' Civil Relief Act. There was no showing that defendant would have been available at such later date nor was there any showing that counsel would be thereby aided in an investigation of the nature and scope of the medical services rendered to the child or the reasonableness of the charges therefor. ■ The showing that one in the military service is required to make under the cited act for a stay is much less than is required from a litigant requesting a limited continuance independently of the act. (*Johnson* v. *Johnson*, 59 Cal.App.2d 375, 392 [139 P.2d 33].) As pointed out in the Johnson case, "The rules applicable to the granting of continuances, amply supported by citations to the many cases, are set forth in 5 Cal.Jur., page 968, section 5, as follows: 'However, it is a settled rule of practice that an application for a continuance is addressed to the sound discretion of the trial court, and its ruling will not be reviewed except for the most cogent reasons. The trial court is apprised of all the circumstances of the case and the previous proceedings, and is, therefore, better able to decide upon the propriety of granting the application than an appellate court; and when it exercises a reasonable, and not an arbitrary discretion, its action will not be disturbed. It follows that an abuse of discretion must be shown to justify a reversal of the judgment because of a ruling on such matters. Thus it has been held that the sickness of a party to an action, preventing his attendance on the court, does not *ipso facto* require

the court to grant an application for a continuance, made on his behalf; especially where the showing before the court fully justifies the conclusion that injustice will be as likely to follow from the granting of the continuance as from its refusal. Nor does the absence of a party always furnish ground for a continuance.' ''

But, even if we assume, without deciding, that the trial court abused its discretion and erred in denying counsel's request for a limited continuance, it would serve no useful purpose to now reverse the vacating order for that reason alone. If, as defendant urges, he is not in default in any payments under the interlocutory decree he can as effectively make such showing on a renewed application for entry of the final decree as he can upon a retrial of the issue of his default raised by plaintiff's motion to vacate the final decree heretofore procured to be entered by him upon his representation that he was not in default.

The purported appeals from the two orders denying continuances of the motion to vacate under the Soldiers' and Sailors' Civil Relief Act and for a limited period, respectively, are dismissed inasmuch as the orders are intermediate in nature and nonappealable. They are reviewable, and have been here reviewed, upon the appeal from the order vacating the final decree. The appeal from an order granting plaintiff costs and counsel fees on appeal is dismissed as moot inasmuch as plaintiff in her brief has abandoned all rights under that order. The order vacating the final decree is affirmed.

Shenk, J., Edmonds, J., and Traynor, J., concurred.

CARTER, J.—I dissent. It appears from the record in this case that a charge was made in the affidavit in support of plaintiff's motion to set aside a final decree of divorce that defendant falsely stated in his affidavit in support of his motion for the final decree that he had complied with all of the terms of the interlocutory decree; that decree declared that plaintiff was entitled to a divorce. Without passing on the question of whether a final decree of divorce may be set aside for fraud where that charge is based upon an allegedly false statement in the supporting affidavit for the final decree that the payments for support and medical care ordered by

the interlocutory decree had been made, it is clear that defendant in this case is entitled to the relief authorized by the Soldiers' and Sailors' Relief Act of 1940 (50 U.S.C.A.App. § 521). That act reads:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." In the instant case we may assume that proper medical expenses were incurred on behalf of the minor child of plaintiff and defendant prior to the time defendant filed his affidavit for a final decree; that pursuant to the interlocutory decree defendant was obligated to pay those expenses; and that plaintiff presented evidence to the effect that defendant was aware of those obligations, and also was in default in the sum of $30 in payments for the support of plaintiff, which evidence would be sufficient to support a finding that defendant knowingly made a false affidavit. *But that is not the whole story.* Defendant should have had an opportunity to meet that charge. *He is the only person who can rebut the charge that he knew that medical expenses had been incurred,* and the charge that he was in default $30 on the support claim. Therefore, it is vitally necessary that he have that opportunity. Plaintiff's evidence is very weak on the subject of whether defendant *knew* of the medical bills. She testified to nothing more than *her conclusion that some of the bills had been sent to defendant by the creditors.* She did not call any of the creditors to relate how, when, or under what circumstances the bills were sent to defendant or how they were addressed if sent by mail. Defendant might well by his testimony show that he had no knowledge or notice of such claims when he made the affidavit, thus completely exonerating him from any fraud. How under those circumstances can it be said that defendant's ability to conduct his defense is not, in the language of the Soldiers' and Sailors' Relief Act, "materially affected." Fraud is a serious charge, and the lower court by accepting plaintiff's evidence of fraud on de-

fendant's part has, in effect, found defendant guilty of perjury, without affording him any opportunity to be heard. And that result is reached *without achieving any benefit or advantage to either plaintiff or defendant.* Plaintiff is fully able to enforce the obligation imposed by the interlocutory decree even though the final decree stands. She loses absolutely nothing by having the determination of the issue postponed. On the other hand defendant suffers the serious and grave consequences of having a solemn and binding finding of fraud and perjury entered against him without being accorded an opportunity to be heard in his own defense because of his absence in military service. Certainly that is one of the very things that the Soldiers' and Sailors' Relief Act was designed to avoid.

It must be remembered that the basis for denying a final decree of divorce upon the ground of the failure of the movant to comply with the terms of the interlocutory decree is that the movant has *willfully* failed to comply with the decree, is in *contempt* of court, and that for those reasons *equity* will not act to grant the final decree. For illustration, it is said in *Weeks* v. *Superior Court,* 187 Cal. 620, 622 [203 P. 93], after stating that under section 132 of the Civil Code, either party may obtain a final decree after a year has expired;

"But that does not mean that a party to the action may have a final decree entered when to do so would be a *flagrant abuse of the principles of equity and of the due administration of justice.* . . . No party to an action can, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of *contempt* to its legal orders and processes." (Italics added.) Applying equitable principles in the instant case we have seen that defendant has been deprived of his day in court. He is *not in contempt* inasmuch as the evidence does not show ability to pay on his part, and certainly he should be entitled to show that he was unable to pay the medical expenses if such was the fact. Having shown that, there would have been no fraud on his part in obtaining the final decree of divorce. If the movant for the final decree is not able to make the payments required by the interlocutory decree, he is not in contempt and may have a writ of mandate to compel the entry of a final decree notwithstanding his default in such payments. *(Isakson* v. *Superior Court,* 130 Cal.App. 180 [19 P.2d 840].)

Conceding that the granting or denial of a motion to postpone the hearing of a matter in the trial court is ordinarily within the discretion of the trial judge, and that his ruling on such a motion will not be reversed unless it clearly appears that there has been an abuse of such discretion, I doubt if it can be said with any degree of fairness that such abuse does not clearly and affirmatively appear in every case where, as here, a person absent in the armed service of the United States is charged with perpetrating a fraud upon a court, and his testimony is necessary to refute such charge of fraud, and he is denied an opportunity to appear and offer evidence in his own defense. To say that he is not prejudiced by such a ruling is, to my mind, a perversion of the plainest principles of equity and justice. This is not a case where the defense can be adequately presented by evidence from sources other than from the party himself. He is, in effect, charged with perjury. He alone can refute the charge. The court refuses to postpone the hearing to permit him to do so, and then finds him guilty as charged. Obviously, such a ruling is not the result of the exercise of a judicial discretion as that term has been defined in the decisions of this court. It is clearly arbitrary and unreasonable and should not be permitted to stand.

In my opinion the order vacating the final decree should be reversed.

Schauer, J., concurred.

Appellant's petition for a rehearing was denied March 29, 1945. Carter, J., and Schauer, J., voted for a rehearing.