[Civ. No. 13395. First Dist., Div. One. May 19, 1947.]

EDWARD H. KNACKSTEDT, Petitioner, v. SUPERIOR COURT OF CONTRA COSTA COUNTY et al., Respondents.

Lawrence Sledge for Petitioner.

James F. Hoey for Respondents.

PETERS, P. J.—Petitioner applied to this court for a writ of mandate to compel the Superior Court of Contra Costa County to enter a final decree of divorce in an action pending in that court. Based on the allegations of the petition this court issued its alternative writ. The respondent subsequently filed an answer, and on the return day of the writ it was stipulated that certain records of the respondent court could be introduced and considered by the court. From the complete facts now before us it is quite apparent that the peremptory writ should not issue.

The petition alleges that on August 22, 1945, in the case of *Knackstedt* v. *Knackstedt,* then pending in the Contra Costa County court, an interlocutory decree of divorce was signed, filed and entered; that it was thereby adjudged that Delia Knackstedt, the plaintiff in that action, was entitled to an interlocutory decree of divorce from the defendant, the petitioner herein; that among other things the decree provided that petitioner should pay his wife, the plaintiff in that action, $100 per month for the maintenance and support of the plaintiff and the minor children of the parties; that on October 28, 1946, the petitioner presented to the Contra Costa court his affidavit in support of his request that the final decree of divorce be entered; that by this affidavit he admitted that he had not paid all of the alimony due under the interlocutory and sought to excuse such nonpayment by the averment that from August 22, 1945, to February 3, 1946, he was unemployed; that during that time he was under medical care for an injury and is still handicapped by that injury; that this affidavit further averred that petitioner had not been adjudged in contempt for failure to pay the alimony in full and avers that petitioner was and is financially unable to comply with the provisions of the interlocutory. The petition then avers that "on the 28th day of October, 1946, when your petitioner presented his affidavit and request for a Final Decree in said action there was no evidence taken or produced before said Court . . . to show that your petitioner herein, had means or ability to comply with said alimony payments; and at no time prior thereto had there ever been introduced or produced before said court or said honorable

judge any testimony or other evidence showing or having a tendency to show that the petitioner herein had the means or ability to comply with the provisions of the said interlocutory decree of divorce other than as the Defendant therein and petitioner herein has already complied therewith, or to show that petitioner herein at any time ever willfully failed to comply with the provisions of the said interlocutory decree he having the ability so to do.'' The petition then avers that the trial judge refused to sign the final decree until the petitioner paid to his wife all of the past due alimony.

It was in reliance on these allegations, and in particular in reliance on the quoted allegation, that this court issued its alternative writ. If such allegations were true it would follow that the writ should issue. In *Isakson* v. *Superior Court*, 130 Cal.App. 180 [19 P.2d 840], the respondent court refused to grant a final decree because of the petitioner's failure to fully comply with the provisions of the interlocutory as to payment of alimony. The appellate court properly held that where, in the trial court, the petitioner's allegations relating to his inability to pay are not controverted, and where, as a result, it appears that the petitioner was not in contempt for failure to pay, the trial court must enter the final decree of divorce, and where it fails to do so it will be compelled to do so by mandate. ■ But it is equally well settled that where a final decree is requested, and it appears that the party requesting the entry of the final decree is in default, and where it appears from the evidence then presented that the petitioner had or has the ability to comply with the order, even though there has been no prior adjudication of contempt and none is sought, the trial court is justified in denying the request to enter the final decree of divorce. (*Weeks* v. *Superior Court*, 187 Cal. 620 [203 P. 93] ; *Pearson* v. *Superior Court*, 32 Cal.App.2d 87 [89 P.2d 162] ; *Sullivan* v. *Superior Court*, 72 Cal.App. 531 [237 P. 782].) The rule of these cases is based on the theory that a party is not entitled to ask the aid of a court while he stands in a position of actual contempt to its legal orders and processes.

The answer of the respondent court in the instant case alleges facts that brings this case directly within the rule of the last cited cases. It is first alleged that the only reason that petitioner had not been cited for contempt during the year after the issuance of the interlocutory for failure to make the alimony payments was that his whereabouts prior to the

time he requested the entry of the final decree were unknown to Delia Knackstedt and her counsel. There then appears in the verified answer this most important allegation: ''that there was a regular hearing before Honorable A. F. Bray, Judge of said Superior Court [referring to the hearing upon petitioner's affidavit and request for a final decree of divorce], at which there was present petitioner and his counsel, Lawrence Sledge, Esq., Delia Knackstedt, plaintiff in said divorce action, and her counsel, Jas. F. Hoey, Esq., and evidence was introduced at length upon all of the issues involved, including the issue as to whether or not petitioner was able to comply with the requirements of said interlocutory decree of divorce and whether he wilfully failed to comply with the provisions of said interlocutory decree of divorce, and upon hearing all of the evidence and observing the witnesses, respondent Honorable A. F. Bray determined that petitioner was able to comply with the provisions of said interlocutory decree of divorce and wilfully failed to do so, and that he was in fact in contempt of court and was not entitled to a final decree of divorce until he had complied with the terms of the interlocutory decree of divorce.''

This allegation is verified by Judge Bray who was then judge of the Superior Court of Contra Costa County, and who was the judge who had refused to enter the final decree.

The certified minutes of the trial court, admitted into evidence by stipulation, demonstrate that the quoted allegation of the answer is true. The minutes show that a hearing was held on October 28, 1946, and after argument was continued to November 18, 1946; that on November 18, 1946, a hearing of motions by defendant for an order modifying the alimony award, and for the entry of the final decree was held; that the plaintiff and defendant were sworn to testify; that argument was then had; that the court thereupon ordered the interlocutory modified by reducing the alimony payments from $100 to $75 per month effective November 1, 1946; that the motion for entry of a final decree was denied.

At the oral argument on the return day of the writ counsel for the petitioner informed the court that he thought a reporter had been present on the day of the above mentioned hearing and requested permission to secure and file a reporter's transcript of the proceedings on that day. The permission was granted but counsel failed to file such a transcript within the time limited or at all. In the absence of

such a transcript this court must accept the minutes of the court as reflecting the true facts. That record shows that evidence was taken. In suport of the record we must assume that such evidence supports the trial court's implied finding that during the year and at the time of the hearing petitioner had the ability to pay. This being so, under the rule of the cases cited, the trial court was justified in refusing to enter the final decree.

The alternative writ is discharged and the petition for a peremptory writ is denied.

Ward, J., concurred.

Bray, J., deeming himself disqualified, did not participate.