[Civ. No. 16434. Second Dist., Div. Three. Dec. 22, 1948.]

MURRELL C. TRAVIS, Appellant, v. MARJORIE T. TRAVIS, Respondent.

Walley & Davis for Appellant.

Marion P. Betty for Respondent.

VALLÉE, J.—Plaintiff commenced this action in equity on September 22, 1947, to vacate and set aside an interlocutory decree of divorce theretofore granted defendant, to have the divorce action dismissed, and for an injunction enjoining defendant from attempting to enforce an order of support contained in the interlocutory decree by contempt proceedings or execution pending trial of the action; or, in the alternative, for an injunction enjoining defendant from attempting to enforce the order of support contained in the interlocutory decree by contempt proceedings or execution.

On the same day an order was made commanding defendant to appear and show cause why she should not be enjoined during the pendency of the action from attempting to enforce by contempt proceedings, execution or otherwise, the order of support contained in the interlocutory decree and from attempting to have a final decree of divorce entered. The order to show cause for a preliminary injunction and an order to show cause in the divorce action requiring plaintiff in the present action to show cause why he should not be adjudged in contempt for failure to comply with these pro-

visions of the interlocutory decree were heard together. Plaintiff was adjudged to be in contempt. The order to show cause for a preliminary injunction was dismissed. It appears from the reporter's transcript that the order to show cause in the present action was dismissed and a preliminary injunction denied for the reason that plaintiff was in contempt in that he had wilfully failed to comply with the provisions of the interlocutory decree requiring him to pay defendant for the support of herself and three minor children $25 a week and to pay all outstanding utility bills and to pay her attorney's fees and costs.

Respondent-defendant now moves to dismiss the appeal upon the ground that appellant may not pursue the appeal because he is in contempt of the court below, has not purged himself of the contempt referred to, and is guilty of other defaults of payments due pursuant to the provisions of the interlocutory decree. The record on the motion, which is uncontradicted, shows that at the time appellant was adjudged in contempt he was wilfully in default in the amount of $727.50 as to payments due for support up to August 9, 1947, attorney's fees, and costs; that he has not purged himself of the contempt; that since August 9, 1947, he has made none of the payments provided by the interlocutory decree; that he is in default in the total amount of $3,927.50; that he has at all times had sufficient income to comply with the provisions of the decree; that his failure to comply has been wilful; that he departed from the State of California and had been for some time prior to and was at the time of the hearing of the orders to show cause in the State of Missouri; that he has absented himself from the jurisdiction for the deliberate purpose of evading and nullifying attempts to enforce the decree of the court; and that respondent has been unable to compel compliance with the support provisions of the decree. There is no appearance in opposition to the motion.

Under a similar set of facts in *MacPherson* v. *MacPherson,* 13 Cal.2d 271 [89 P.2d 382], it was held (p. 277): "Such flagrant disobedience and contempt effectually bar him from receiving the assistance of an appellate tribunal. A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state. (*O'Neill* v. *Thomas Day Co.,* 152 Cal. 357 [92 P. 856, 14 Ann.Cas. 970] ; *Schubert* v. *Superior Court,* 109 Cal.App. 633 [293 P. 814] ; *Weeks* v. *Superior Court,* 187

Cal. 620 [203 P. 93] ; *Funfar* v. *Superior Court,* 107 Cal.App. 488 [290 P. 626] ; *Soderberg* v. *Soderberg,* 63 Cal.App. 492 [219 P. 82].)'' The appeal of the contumacious defendant was dismissed. In *Knoob* v. *Knoob,* 192 Cal. 95 [218 P. 568], an appeal from a modified decree of custody was dismissed because the appellant had removed herself and a minor child out of the state in violation of the terms of the decree appealed from. In speaking of a plaintiff in *O'Neill* v. *Thomas Day Co.,* 152 Cal. 357 [92 P. 856, 14 Ann.Cas. 970], the court declared (p. 362) : ''He is seeking the court's aid, and it is manifestly just and proper that, in invoking that aid, he should submit himself to all legitimate orders and processes.'' In *Soderberg* v. *Soderberg,* 63 Cal.App. 492 [219 P. 82], an order dismissing a petition and denying a motion to vacate a final decree of divorce was affirmed because the appellant had not complied with the interlocutory decree which required him to pay $25 a month for the support of his minor child, the court saying (p. 494) : ''That judgment directed that he pay the sum mentioned for the support of his offspring, but, with the exception of a single payment of $25, he has never complied with the order either during the period when his former wife resided in the jurisdiction or at any time thereafter, but, on the contrary, he has during this long period of time left to the mother the entire burden of providing and caring for their child. Aside from the positive legal duty imposed upon the defendant, he has wholly failed to show any natural interest in his child, and has entirely neglected the moral duty that he owes of his offspring irrespective of any dissensions which may have arisen between him and his wife, and which can give rise to no scruples which would justify such indifference and neglect on the part of a parent.''

In *Weeks* v. *Superior Court,* 187 Cal. 620 [203 P. 93], Weeks sought a writ of mandate to compel the superior court to enter a final decree of divorce. The writ was denied because Weeks was in contempt for taking a minor child out of the state. The court held that she should not be allowed to make application for a final decree of divorce until she had submitted to the lawful order of the superior court with respect to the custody of the child, or otherwise purged herself of contempt. In *Schubert* v. *Superior Court,* 109 Cal.App. 633 [293 P. 814], a petition for a writ of mandate to compel the hearing and determination of a motion for modification of an interlocutory decree of divorce was denied because the petitioner had been adjudged in contempt for not complying

with the provisions of the decree requiring him to make monthly payments for the support of a minor child. In *Knackstedt* v. *Superior Court,* 79 Cal.App.2d 727 [180 P.2d 375], it was held that relief will be denied a party even though he has not been adjudged in contempt if the evidence shows that he has wilfully disobeyed an order of the court. (See, also, *Miller* v. *Miller,* 26 Cal.2d 119 [156 P.2d 931] ; *Monterey Coal Co.* v. *Superior Court,* 11 Cal.App. 207 [104 P. 585] ; *Paddon* v. *Superior Court,* 65 Cal.App. 479 [224 P. 474] ; *Pearson* v. *Superior Court,* 32 Cal.App.2d 87 [89 P.2d 162] ; *Ross* v. *Ross,* 48 Cal.App.2d 72, 77 [119 P.2d 444].)

The fact that the present appeal is from an order made in a suit to set aside the interlocutory decree and for an injunction to restrain enforcement of the support provisions of the decree and not from an order made in the divorce action itself does not alter the result. The rationale upon which relief is denied is that it would be a flagrant abuse of the principles of equity and of the due administration of justice to consider the demands of a party who becomes a voluntary actor before a court and seeks its aid while he stands in contempt of its legal orders and processes. By the present action and by this appeal appellant is seeking the court's aid to vacate and set aside provisions of the interlocutory decree providing for the support of respondent and three minor children and to enjoin their enforcement when he has treated the decree of the court with contempt and removed himself from the jurisdiction so that it cannot be enforced. There is no distinction between a proceeding seeking to vacate and set aside the provisions of the decree in an independent action and seeking by injunction to restrain enforcement of those provisions and a proceeding in the divorce action itself to vacate and set aside those provisions.

Appeal dismissed.

Shinn, P. J., and Wood, J., concurred.