[Civ. No. 25369.   Second Dist., Div. One.   Dec. 28, 1961.]

EUGENE H. ZECHIEL, Plaintiff and Appellant, v. EDITH MAYE ZECHIEL, Defendant and Respondent.

Rimel & Johnston for Plaintiff and Appellant.

Hahn, Ross & Saunders, E. L. Saunders and S. Sklute for Defendant and Respondent.

LILLIE, J.—An interlocutory decree was entered November 24, 1958, granting a divorce to respondent wife. Over a year later appellant husband moved the lower court for entry of the final decree; the motion was denied and he appealed from the order. After notice of appeal respondent moved the lower court for attorneys' fees to oppose the appeal; on May 6, 1960, appellant was ordered to pay to her on behalf of attorneys' fees $2,000, $3.00 for a reporter's transcript and $26.10 for a clerk's transcript. Thereafter the case of *Hull* v. *Superior Court,* then pending in the Supreme Court, was decided (54 Cal.2d 139 [5 Cal.Rptr. 1, 352 P.2d 161]); contending the facts to be "parallel" to those in the *Hull* case and that the decision therein disposed of his pending appeal, appellant renewed his motion for entry of the final decree in the lower court. The motion was granted, the order therein providing that the final decree be entered upon dismissal of the appeal. Thereupon appellant moved the trial court to modify its prior order of May 6, 1960, fixing fees and costs on appeal, to reduce the amounts to nothing, and for an order requiring respondent to execute the necessary docu-

ments to secure the return to him of an income tax refund in the sum of $6,043.84, representing an amount overpaid by him on the 1958 tax. After hearing, the order provided, among other things, for a modification of the order of May 6, 1960, reducing attorneys' fees on appeal from $2,000 to $500 and payment of $26.60 costs, and a denial of the motion requiring respondent to sign the tax refund check. Appeal is taken therefrom. Appellant claims that the award of $500 to respondent on behalf of attorneys' fees for work done on the appeal was an abuse of the lower court's discretion; and that it was error to refuse to require respondent to cause to be refunded to him the amount he overpaid on income tax.

Involved in the prior appeal, for which the $2,000 allowance of attorneys' fees was originally made, were several substantial legal problems, in the main, relating to whether a merger of indebtedness had occurred relieving appellant from further payments under the interlocutory decree, and whether appellant, for that reason having failed to comply with the terms of the decree, was entitled to have the final decree entered. The record reveals the basic facts reflecting these issues. During the marriage the parties owned a business known as Modern Metal Arts Co.; inasmuch as it was a sole proprietorship and could not be divided, the trial court ordered appellant to pay to respondent the sum of $75,000 to be evidenced by a promissory note secured by a deed of trust on the real property on which the business was located, payable $500 or more per month, commencing December 1, 1958. (Interlocutory decree, par. 3.) Thereafter, appellant failed to make certain payments of alimony and child support under the decree, and installments under the promissory note. Respondent thereupon obtained a writ of execution for the $7,684.42 then owed by him, and levied upon the real property upon which had been placed the deed of trust; pursuant to a sheriff's sale the property, worth $45,000, was sold to her for the sum due. After this, appellant made no more payments on the $75,000 indebtedness under the interlocutory decree; while in default thereunder in the sum of $6,830, appellant moved for entry of the final decree of divorce, in his affidavit representing he owed nothing to respondent. On the motion he claimed that the $75,000 debt had been discharged by a merger of the indebtedness by virtue of respondent's purchase of the real property upon which the deed of trust had been placed, merging the trust deed lien and extinguishing liability on the promissory note, thereby relieving him from

making further $500 monthly payments. Respondent opposed appellant's motion for entry of the final decree upon the ground that he was delinquent in his payments and in default under the interlocutory decree, arguing that there can exist no merger where it would effect a fraud on one of the parties. It was from the order denying this motion the prior appeal was taken.

The "merger" problem presented to the trial court on that motion, and contemplated by both parties to be one of the main issues on appeal, produced citation of numerous authorities and considerable legal argument on both sides. It is apparent that where applied to facts such as those contended for in the instant case, the law is by no means settled on this point. The trial court, without deciding the matter, nevertheless denied the motion, relying on the rule that it had discretion to bar entry of a final decree if the moving party is in contempt (*Weeks* v. *Superior Court,* 187 Cal. 620 [203 P. 93] ; *Pearson* v. *Superior Court,* 32 Cal.App.2d 87 [89 P.2d 162] ; *Sullivan* v. *Superior Court,* 72 Cal.App. 531 [237 P. 782]), even though there had been no prior adjudication of contempt and none was sought (*Knackstedt* v. *Superior Court,* 79 Cal. App.2d 727 [180 P.2d 375]), which raised a second issue—whether under the circumstances the trial court had discretion to deny entry of the final decree. Then pending before the Supreme Court was *Hull* v. *Superior Court,* a mandamus proceeding to require entry of a final decree; there the moving party, the husband, was in default under an integrated property settlement agreement.

On the motion to modify attorneys' fees, respondent's counsel represented to the lower court the work he had done in connection with the designation of the clerk's transcript on appeal; that, as is his practice, he had not awaited the filing of appellant's brief but immediately started preparation to oppose the appeal; and that he had done considerable research on the legal problems involved, for all of which work he submitted $750 as a fair fee. Moreover, respondent's argument on the motions reflects substantial work done by him in contemplation of the appeal and a careful analysis of the problems and research of the law involved. Concerning whether the work done on the appeal prior to its dismissal was reasonable and justified, it should be noted that at the time of the argument in the lower court on the original motion for attorneys' fee on appeal, the trial judge asked counsel for appellant what effect the disposition of the *Hull*

case, then pending in the Supreme Court, would have on the within matter; he answered that regardless of how the *Hull* case was decided he would ''carry on the appeal.'' Relying upon this representation, counsel for respondent immediately prepared to oppose the appeal, for neither did he believe that the *Hull* case and the one at bar were similar. In fact, he always contended that appellant's certificate accompanying his motion for entry of the final decree was false and constituted a fraud, which matter was not involved in *Hull* v. *Superior Court*; and that the *Hull* case further differed from the one at bar in that an independent suit for breach of agreement was pending in the former. It was, and is now, his opinion that the difference between the two cases would sustain the court's prior order denying entry of the final decree. But when the Supreme Court decided the *Hull* case, counsel for appellant, contrary to his previously expressed representation to the trial court that regardless of the outcome of the *Hull* case he would ''carry on the appeal,'' completely reversed his position on the various motions and advised the trial judge that the facts in the two cases were ''parallel'' and that the court should have entered the final decree. Very briefly the court in *Hull* v. *Superior Court*, 54 Cal.2d 139 [5 Cal.Rptr. 1, 352 P.2d 161], held that the husband was entitled to entry of the final decree as a matter of right; and that since neither fraud or mistake nor contempt was involved, that his default under an integrated property agreement was not such as to permit the court to exercise discretion in barring entry of the final decree.

■ Taking into account the work done by respondent's counsel in opposition to the appeal, and the fact that inasmuch as no appeal had been taken from the prior order awarding attorneys' fees on appeal respondent's necessity and appellant's ability to pay at least $2,000 had already been established, the trial court reduced the amount to $500. Under the circumstances we do not deem the award to be unreasonable or that there was any showing in the record of an abuse of discretion as to justify this court in disturbing the order. (*Primm* v. *Primm*, 46 Cal.2d 690 [299 P.2d 231]; *Wilder* v. *Wilder*, 214 Cal. 783 [7 P.2d 1032]; *Sigesmund* v. *Sigesmund*, 115 Cal.App.2d 628 [252 P.2d 713].)

■ Appellant also claims that the lower court erred in refusing to require respondent wife, or the commissioner, to execute the necessary papers to permit him to receive from the federal government money overpaid by him for income taxes for the year 1958. The only mention in the interlocutory

decree relative to the payment of the 1958 income tax is found in paragraph 6, which requires each party to jointly prepare and execute and file the necessary state and federal income tax returns for the year 1958, and appellant to pay all tax liability thereunder. Appellant's affidavit reveals that he overestimated his income for the year 1958 and overpaid to the United States Government taxes in the sum of $6,043.84. He seeks return of this amount as his own property.

Taxes were paid by appellant on a quarterly basis during 1958; by November 24, 1958, the date of entry of the interlocutory decree, appellant had already prepaid at least three quarters of estimated income tax for the parties; no evidence to the contrary, it is a reasonable assumption, since the parties were then still husband and wife, that the funds used by appellant to make these payments were from the community property. Inasmuch as there was then no contemplation of a refund on the 1958 tax, the trial court, at the time of the divorce, made no provision for division or distribution of this sum which at that time was part of the community funds. Thus, at this moment, the rights of the parties to the refund have not been adjudicated. The interlocutory decree makes no general disposition of community property, as such, nor is there provision for the disposition of any remaining "community property" after certain properties were divided; it merely lists in detail the property awarded to each party as his sole and separate property. The sum constituting the refund, at that time a community asset, was neither mentioned nor included in any division of property, nor was there a balance of "community property" awarded which could include this refund amount.

The record does not reveal that the overpayment made prior to the divorce came from appellant's separate funds, nor does it show that he was at any time awarded the community funds he paid for taxes, as his separate property. What he now seeks, the interlocutory and final decrees of divorce already having been entered, is to have the court award this sum to him as his separate property. It is true, as urged by appellant, that since divorce proceedings are equitable, equity retains jurisdiction to secure full compliance with its decrees (*Emerson* v. *Emerson*, 12 Cal.App.2d 648 [55 P.2d 1265]; *Klinker* v. *Klinker*, 132 Cal.App.2d 687 [283 P.2d 83]), but the record discloses no order relative to the sum in question and none disposing of community property, which might include this money. Thus there is no decree affecting this

amount that should or can be carried into effect by further order of the court in the instant action.

Respondent contends that inasmuch as the refund was a community asset and not disposed of by the interlocutory decree, it has become property held by the parties as tenants in common, and each is entitled to one-half thereof, citing various cases including *Brown* v. *Brown,* 170 Cal. 1 [147 P. 1168]; *Estate of Brix,* 181 Cal. 667 [186 P. 135]; *McBride* v. *McBride,* 11 Cal.App.2d 521 [54 P.2d 480]; *Stewart* v. *Shearman,* 22 Cal.App.2d 198 [70 P.2d 702]; *Lindley* v. *Hinch,* 57 Cal.App.2d 717 [135 P.2d 421], and *Buller* v. *Buller,* 62 Cal.App.2d 687 [145 P.2d 649]. There not having been included in the record before us the complaint and cross-complaint for divorce, we do not know the allegations therein relating to the community property or the issues thereon tendered by the pleadings. In the absence of a more complete record, we make no determination of the status of the tax money or of the ownership of the parties thereto; but under the circumstances we find no error in the trial court's order denying the motion to in effect award to appellant the tax refund as his sole and separate property.

For the foregoing reasons the judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.