Filed 5/19/22  Marriage of G.S. and A.S. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re the Marriage of G.S. and A.S. | D077754 |
| G.S., | |
| Respondent, | (Super. Ct. No. DN165349) |
| v. | |
| A.S., | |
| Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Kelly C. Mok and William Y. Wood, Judges.  Affirmed.

A.S., in pro. per., for Appellant.

G.S., in pro. per., for Respondent.


A.S. appeals a postjudgment order denying her request for modification of an order that granted G.S. legal and physical custody of their minor children and granted her limited visitation.  A.S. claims no substantial evidence supports the decision to deny her custody.  Because she has not met her burden to show prejudicial error, we affirm the challenged order.

BACKGROUND

A.S. and G.S. married in 1995 and had three children before they separated in 2011. Upon petition by G.S., the family court entered a judgment dissolving the marriage in 2012. The court initially granted the parties joint custody of the children, granted G.S. physical custody, and granted A.S. visitation on weekends. Due to A.S.'s erratic behavior and noncompliance with psychiatric treatment, the court in 2014 modified the custody and visitation order to grant G.S. sole legal custody of the children, to reduce A.S.'s visitation to eight hours on Saturdays, and to require the visitation be supervised.

A.S. repeatedly and unsuccessfully sought more time alone with the children by filing requests for orders modifying the custody and visitation arrangement. On July 19, 2019, A.S. requested sole legal and physical custody of the two children who were still minors. In a declaration included with the request and in others filed before the hearing on the request, A.S. stated G.S. lied in court; his car did not run well and stank; he did not provide adequate food, clothing, and health care for the children; her car ran well and did not stink; she worked with children and was training to be a dental assistant; the children wanted to spend more time with her; and she wanted to spend more time with them and without supervision. On December 30, 2019, the family court held an unreported hearing at which both parties testified, and on February 28, 2020, issued an order denying the modifications A.S. had requested.[1] Her motion for clarification of the order was denied.

---

[1] Judge Mok held the hearing and on January 25, 2020, the case was reassigned to Judge Wood, who signed the order.

DISCUSSION

A.S. contends "[c]ustody should be returned to [her] because it was wrongfully taken away and there is no just reason to keep it away." In the section of her opening brief on appealability, she says the February 28, 2020 order is appealable because "the attached Family Court Services report/recommendations have false and misleading ac[c]usations about [her]." In the argument section, A.S. claims no substantial evidence supports the family court's order "because there was never a Child Custody Investigation [and] Evaluation," Family Court Services made recommendations "based on he[ar]say and with prejudice," and there was "No Evidence of Wrongful Parenting." In the rest of her opening briefing, A.S. insists she has complied with the recommendations of her psychiatrist and all court orders, extols her own parenting skills, accuses G.S. of lying about her, disparages his parenting skills, and complains Family Court Services made custody and visitation recommendations based on G.S.'s false accusations rather than on an independent investigation and input from her psychiatrist or psychologist. G.S. filed a respondent's brief asserting, without elaboration, that the family court correctly denied A.S.'s motion for clarification and the custody and visitation arrangement should remain as is. He also filed a motion to augment the record with prior custody and visitation orders, declarations, and other documents filed in the case.[2] In her reply brief, A.S. narrates more

---

[2] The documents include the minutes of the hearing on A.S.'s motion for clarification of the February 28, 2020 order; the February 28, 2020 order and orders on two previous requests by A.S. for modification of custody and visitation; an ex parte order modifying custody and visitation; a declaration from A.S.'s sister, who described A.S.'s mental problems and several incidents in which those problems have negatively affected the family; a safety plan put in place while Child Welfare Services conducted an investigation in 2013; and a declaration from A.S.'s "supervisor," who stated A.S. has put the

3

"facts" to show she is a good parent, the court's concerns about her mental illness are unfounded, G.S. is a bad parent, and her sister and supervisor lied about her in their declarations. As we explain below, A.S.'s appeal founders on fundamental principles of appellate review.

" 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; accord, *In re Marriage of Walker* (2006) 138 Cal.App.4th 1408, 1418.) "Appellants fail to carry the burden of affirmatively demonstrating error if they, among other things, do not provide an adequate record on appeal or do not comply with certain briefing requirements in California Rules of Court, rule 8.204." (*Herrera v. Doctors Medical Center of Modesto, Inc.* (2021) 67 Cal.App.5th 538, 546 (*Herrera*).)

A.S. has not complied with briefing requirements. Her factual assertions are unaccompanied by the required citations to the specific pages of the record where evidentiary support for the assertions can be found. (Cal. Rules of Court, rule 8.204(a)(1)(C).) "Because '[t]here is no duty on this court to search the record for evidence,' " we "may disregard any factual contention not supported by a proper citation to the record." (*Grant-Burton v. Covenant Care, Inc.* (2002) 99 Cal.App.4th 1361, 1379, italics omitted.) A.S.'s opening brief does not include the required "summary of the significant facts limited

---

children in danger and described a harrowing car ride during which the supervisor had to awaken A.S. after she fell asleep at the wheel. Because the documents were filed in the case, we grant the motion to augment and deem the documents part of the record on appeal. (Cal. Rules of Court, rule 8.155(a)(1)(A), (2); *In re Marriage of Burwell* (2013) 221 Cal.App.4th 1, 12 & fn. 5.)

to matters in the record." (Cal. Rules of Court, rule 8.204(a)(2)(C).) She did not summarize the testimony or other evidence presented at the December 30, 2019 hearing that resulted in the order she is challenging; and she made many factual assertions, especially in her reply brief, that are not supported by evidence in the record. We "may disregard factual contentions that . . . are based on information that is outside the record." (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520 (*Tanguilig*).) A.S. has not supported her claim of error with the required legal argument and citation of authority. (Cal. Rules of Court, rule 8.204(a)(1)(B).) She claims there is no substantial evidence to support the family court's order and cites a case describing the substantial evidence standard of review, *Williams v. Wraxall* (1995) 33 Cal.App.4th 120, 132. A.S., however, does not go on to apply that standard to the evidence introduced at the December 30, 2019 hearing and to explain why it does not support the resulting order. The only other legal authorities she cites are statutes concerning visitation rights of former legal guardians (Fam. Code, § 3105) and court-ordered child custody evaluations (*id.*, §§ 3110, 3110.5, 3111), but she does not explain how these statutes support her claim the evidence is insufficient to support the February 28, 2020 order. "This conclusory presentation, without pertinent argument or an attempt to apply the law to the circumstances of this case, is inadequate." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) We may, and do, treat A.S.'s factually and legally unsupported contentions as waived or abandoned. (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; *Benach*, at p. 852.)

Another problem with A.S.'s briefing is its one-sided presentation of the facts. An appellant asserting a lack of substantial evidence must overcome the presumption that sufficient evidence supports the challenged order by

affirmatively showing no substantial evidence supports it. (*Ashby v. Ashby* (2021) 68 Cal.App.5th 491, 512; *Adoption of A.B.* (2016) 2 Cal.App.5th 912, 922-923.) To do so, the appellant must fairly summarize all the evidence, not just that favorable to her. (*In re Marriage of Marshall* (2018) 23 Cal.App.5th 477, 487.) By challenging the family court's order for insufficiency of the evidence and stating only evidence favorable to her, A.S. has forfeited the challenge. (*In re Marriage of Fink* (1979) 25 Cal.3d 877, 887; *In re Marriage of Dalgleish & Selvaggio* (2017) 17 Cal.App.5th 1172, 1183.)

A.S. also has not supplied this court with an adequate record. She included in the clerk's transcript the declaration she submitted with her July 19, 2019 request for order and seven others she filed both before and after the hearing on the request. But she did not include any of the declarations submitted by G.S. that are listed in the register of actions. A.S. also did not arrange for a court reporter at the hearing on her request for order so that she could supply us with a transcript of the testimony given at the hearing. She did submit a request for a settled statement to the family court (Cal. Rules of Court, rule 8.137), but she did not include in the proposed statement a summary of the testimony or other evidence presented at the hearing and did not make the changes ordered by the family court. A.S.'s failure to provide either a reporter's transcript or a settled statement makes it impossible for us to review her claim the evidence was insufficient to support the family court's order and requires us to resolve the claim against her. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609; *Herrera, supra*, 67 Cal.App.5th at p. 547; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992.)

In closing, we note A.S. is representing herself in this appeal, and for a person untrained in the law that may be a difficult task. Nevertheless, "as a party appearing in propria persona, [she] 'is entitled to the same, but no

6

greater, consideration than other litigants and attorneys.' " (*Tanguilig,*
*supra,* 36 Cal.App.5th at p. 520.) " 'Thus, as is the case with attorneys, pro.
per. litigants must follow correct rules of procedure.' " (*Stover v. Bruntz*
(2017) 12 Cal.App.5th 19, 31.) "Clearly, [A.S.] has failed to comply with
appellate rules of procedure. [Her] claims of insufficiency of the evidence are
supported by no citation to the reporter's transcript, and [her] recitation of
facts fails to discuss all evidence material to [her] contentions. We therefore
find that [A.S.] has waived such challenges on appeal." (*Nwosu v. Uba* (2004)
122 Cal.App.4th 1229, 1247.)

DISPOSITION

The order is affirmed.


IRION, J.

WE CONCUR:


AARON, Acting P. J.


DATO, J.

7