[Civ. No. 4534. First Appellate District, Division One.—August 21, 1923.]

EDA M. SODERBERG, etc., Respondent, v. WALTER H. SODERBERG, Appellant.

[1] DIVORCE — CUSTODY OF CHILD—TERMS OF INTERLOCUTORY DECREE CHANGED BY FINAL DECREE—PETITION OF FORMER HUSBAND TO VACATE FINAL DECREE — DISMISSAL—JURISDICTION—CONTEMPT.— A trial court may, either on objection of a former wife or of its own motion, properly dismiss the motion and petition of a former husband to vacate and set aside a final decree of divorce, alleged to have been entered without notice to him, and which changed the terms of an interlocutory decree of divorce by awarding the care, custody and control of a minor child to the former wife and permitting him to visit the child at all reasonable times, and to enter in lieu thereof a final decree awarding to him and his former wife the joint custody of the child in accordance with the terms of said interlocutory decree, where he has failed to comply with the provision of the interlocutory decree requiring him to make monthly payments for the support and maintenance of the child.

[2] CONTEMPT — MODIFICATION OF LEGAL ORDERS — REFUSAL OF COURT AID.—No party to an action can with right or reason ask the aid or assistance of a court by modifying in his favor its legal orders while he stands in an attitude of contempt with regard thereto, and it matters not that no objection is made by either party. The court of its own motion may refuse aid under such circumstances.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying motion to vacate a final decree of divorce and dismissing petition. Thomas F. Graham, Judge. Affirmed.

The facts are stated in the opinion of the court.

James E. Fenton for Appellant.

C. A. S. Frost for Respondent.

TYLER, P. J.—Appeal from an order denying a motion to vacate and set aside a final decree of divorce upon the ground that it changed or modified the terms of the interlocutory decree referring to the custody of a minor

child, the issue of the marriage, it being alleged that such change was made without authority.

It appears from the record that the parties hereto were formerly husband and wife. Plaintiff brought an action against defendant for divorce on the ground of extreme cruelty. Her charges were of a serious nature. Judgment went in her favor. Findings were waived but the decree recited that the allegations of plaintiff were sustained by the evidence and that they were true. An interlocutory decree was thereupon entered on June 11, 1913, against Walter H. Soderberg and in favor of the plaintiff on the ground of cruelty. In and by the terms of this decree plaintiff and defendant were awarded the joint custody of their minor child, some six years of age, the defendant to pay to the plaintiff the sum of $25 a month for its support and maintenance.

On June 19, 1914, a final decree was entered dissolving the bonds of matrimony existing between the parties.

This decree ordered that the care, custody, and control of the minor child be given to the plaintiff, and that the defendant be permitted to visit it at all reasonable hours. It also provided, in conformity with the interlocutory decree, that the defendant pay $25 per month for the child's support and maintenance.

Some two years thereafter plaintiff (who in the meantime had again married) removed with her husband to the state of Arizona, where she and the minor child still reside. Before removing from this jurisdiction, however, plaintiff asked for and received permission from the trial court to take the child with her. Some eight years after the entry of the final decree and in the month of January, 1922, defendant filed this petition and motion to vacate and set aside the final decree of divorce, and to enter in lieu thereof a final decree awarding to him and his former wife the joint custody of the child in accordance with the terms and provisions of the interlocutory decree. The trial court denied the motion and dismissed the petition. This is an appeal from the order.

In support of the appeal it is claimed that when a valid interlocutory decree of divorce has been regularly made and entered the court has no jurisdiction to vacate,

change, or modify it at the request of the party in whose favor the decree was given, without notice to the adverse party; and that no notice having been given the court had no jurisdiction to make the change in question.

It was and is the claim of the plaintiff that under section 138 of the Civil Code the court, in an action for divorce, either during its pendency or at the final hearing, may make such order for the care, custody, and control of minor children as may seem necessary or proper, and it may at any time modify or vacate the decree with respect thereto. In this connection it is claimed that there is nothing in the record to show affirmatively that the defendant did not have the necessary notice, but that on the contrary, the final judgment imports that he did, as it recites that the motion of the plaintiff "came on regularly for hearing," and as the jurisdictional facts fully appear therefrom it is argued that the judgment is regular on its face.

[1] We do not think we are called upon to discuss or decide any of the questions here presented by the defendant. From his own showing it affirmatively appears that he has never complied with the judgment he seeks to have re-established. By his petition he agrees to do so in the event that the plaintiff returns to the jurisdiction and brings the child with her. Defendant is in no position to stipulate with the court under what terms and conditions he will comply with the judgment. That judgment directed that he pay the sum mentioned for the support of his off-spring, but, with the exception of a single payment of $25, he has never complied with the order either during the period when his former wife resided in the jurisdiction or at any time thereafter, but, on the contrary, he has during this long period of time left to the mother the entire burden of providing and caring for their child. Aside from the positive legal duty imposed upon the defendant, he has wholly failed to show any natural interest in his child, and has entirely neglected the moral duty that he owes to his offspring irrespective of any dissensions which may have arisen between him and his wife, and which can give rise to no scruples which would justify such indifference and neglect on the part of a parent. [2] No party to an action can with right or reason ask the aid or assistance

of a court by modifying in his favor its legal orders while he stands in an attitude of contempt with regard thereto (*Weeks* v. *Superior Court*, 187 Cal. 620 [203 Pac. 93]), and it matters not that no objection is made by either party. The court of its own motion may refuse aid under such circumstances. (*Domenigoni* v. *Imperial Live Stock etc. Co.*, 189 Cal. 467 [209 Pac. 36].)

The order denying the motion to modify the decree and the order granting the motion to dismiss are affirmed.

Richards, J., and St. Sure, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 18, 1923.