Filed 5/1/17; pub. order 5/30/17 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| RUSSELL E. STOVER, | C077206 |
| Plaintiff and Respondent, | (Super. Ct. No. SFS21887) |
| v. | |
| EILEEN G. BRUNTZ, | |
| Defendant and Appellant; | |
| PLACER COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Intervener and Respondent. | |

Appellant Eileen G. Bruntz and respondent Russell E. Stover share two children and years of acrimony-fueled court contests following the demise of their romantic relationship. Bruntz challenges several orders related to Stover's alleged failure over the

1

ensuing years to fully pay $1,000 in monthly child support under an April 2007 support order, which contains a contested stipulated retroactivity provision.

She contends the court erred in (1) awarding Stover a child care credit of $441 per month from January 2007 to May 2011 because no motion to modify had been filed during that time; (2) failing to set aside her admissions that she incurred no child care costs from January 2007 to November 2013, the date on which the court deemed Stover's requests for admissions admitted after Bruntz failed to timely respond to the discovery requests; (3) imposing discovery sanctions on her for her mistaken failure to respond to the discovery; (4) setting child support, with no child care add-on component, at $490 per month for the period June 2011 to December 2012, and $699 per month for January 2013 to November 2013; and (5) failing to dismiss Stover's motion to modify child support because, in her view, defendant was in contempt for failing to pay the required amount under the existing court order.

We note that, according to Bruntz, she appeals the court's "order retroactively modifying child support for the period of 06/01/2011-12/31/2013 to $490 per month with no child care add-ons[.]" But as far as we can discern from the record, the court set support at "$490 per month" with no child care add on "for the period of 06/01/2011-12/31/2012," and "beginning on 1/01/2013," it set support at $699 per month with no apparent child care add-on. The court ordered a child care arrears add-on for the period of December 1, 2013 to May 15, 2014, implicitly acknowledging a child care add-on for that period. We have therefore framed the issues to be considered on appeal in light of the challenged order's actual language.

We conclude that, notwithstanding the parties' stipulated retroactivity provision, the court erred in awarding Stover a child care credit for any period before May 10, 2011, when he filed his motion to modify support, because any such credits effectively modified the support award and incurred arrearages retroactively in contravention of the Family Code statutes governing modification of support orders (unless otherwise set

2

forth, section references that follow are in the Family Code). We further conclude that while Bruntz failed to timely challenge the April 2007 order containing the stipulated retroactivity provision, public policy considerations preclude us from judicially estopping her from challenging the order now.

We also find the court did not err in deeming admitted the requests for admissions to which Bruntz failed to timely respond or in imposing discovery sanctions. Given these admissions, the court was amply justified in awarding child support in the amount of $490 per month without any child care add-on for June 2011 to December 2012, and $699 per month without any child care add-on for January 2013 to November 2013, the relevant time period covered by the admissions. Finally, the court did not err in considering Stover's modification motion even though Stover was not current on his child support payments.

The order after hearing filed June 19, 2014, awarding Stover certain child care credits, excluding other child care costs, and imposing discovery sanctions on Bruntz is reversed in part and affirmed in part.

FACTS AND PROCEEDINGS

Both parties' briefs make numerous factual assertions without any supporting citation to the relatively sparse record, which does not contain a reporter's transcript or settled statement of the trial proceedings. We have gleaned the following factual summary from the sometimes incomplete documents contained in the parties' appendices.

At one time, Bruntz and Stover were romantically involved and had a son and a daughter together. Their relationship ended badly in May 2001. Stover repeatedly violated protective orders Bruntz had obtained and ultimately served time in prison after being convicted of burglarizing Bruntz's home and stealing her personal items.

3

In July 2006, the Santa Clara County Superior Court entered a child support order that Stover pay $612 in support of his children. The order also directed Stover to pay half of all child care costs provided by a licensed provider. A November 2006 Findings and Recommendation of Commissioner recommended increasing child support to $1,304, which included Stover's half interest in child care and was differentiated $571 for his son and $733 for his daughter. Although not entirely clear from the record, it appears Stover objected to the recommended increase in his support obligations. Eventually the parties agreed that Stover would pay $1,000 in nondifferentiated support, and the court entered an order accordingly in April 2007. It is this order that serves as the genesis of Bruntz's various appellate challenges.

The April 2007 order states that the $1,000 support amount includes Stover's half interest in child care costs. It also includes the following language: "The parties stipulate that mother may select any child-care provider licensed or not. Mother shall notify DCSS and father if there is [sic] no longer child care costs and any modification motion is retroactive to the date the minor child is no longer enrolled in child-care. DCSS is to request written verification of child-care costs and enrollment from 07-01-06 through 12-31-06 directly from the provider. Once DCSS receives written verification of the child care from the provider they are to provide telephonic verification to both attorneys. The attached dissomaster is attached as a guide for future hearing[s]. Court ordered standard orders - see attached."

The April 2007 support order entered by the Santa Clara County Superior Court was registered in Placer County in 2009 when Bruntz moved there with the children. With court approval, she and the children later moved to Oregon, where they presently reside.

In each month except one, from October 2007 until January 2011, Stover paid some child support but did not pay the full $1,000 required by the April 2007 support

4

order. In February 2011, Bruntz filed an order to show cause to hold Stover in contempt for failing to pay the full child support amount.

Immediately after Bruntz filed the order to show cause, Stover ceased making any further child support payments. In May 2011, Stover moved to modify child support and to determine child care arrearages, claiming the children had not been enrolled in child care since January 2007, and that pursuant to the April 2007 support order, child care costs were retroactive to the date the minor children were no longer receiving child care.

Bruntz filed a second order to show cause in October 2011, which covered February 2011 to July 2011. She asserted Stover had not paid any child support during those six months.

Prior to a trial on both contempt citations and on Stover's modification motion, Stover propounded discovery on Bruntz, which included two sets of requests for admissions. Briefly summarized, the requests for admissions asked Bruntz to admit that the children had not been enrolled in child care since January 2007. Bruntz failed to timely respond to the discovery, and, pursuant to Code of Civil Procedure section 2033.410, the court deemed the admissions admitted as of November 2013. Neither a motion to withdraw the deemed admissions pursuant to Code of Civil Procedure section 2033.300 nor a motion for relief from any alleged mistake under Code of Civil Procedure section 473 are included in the record.

While Bruntz claims she filed a motion for relief pursuant to Code of Civil Procedure section 473.5, she does not include any such filing in her appendix on appeal. (*Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364 ["When practicing appellate law, there are at least three immutable rules: first, take great care to prepare a complete record; second, if it is not in the record, it did not happen; and third, when in doubt, refer back to rules one and two"].) She later acknowledges that she never filed a motion specifically citing either section 2033.30 or section 473 of the Code of Civil Procedure. According to Stover, Bruntz never filed any such motions.

5

The court declined to admit late responses from Bruntz, which she contended she directed her former attorney to provide to Stover's counsel.

Bruntz's two contempt citations and Stover' s modification motion, including his request to retract child care arrearages, were tried together over three days. While Stover was represented by counsel, Bruntz acted on her own behalf.

Following the trial, the court generally found in favor of Stover and against Bruntz. Among other things, the court found Stover not guilty of contempt for each of the alleged instances of partial nonpayment in Bruntz's initial order to show cause (approximately 39 months). It found him guilty of contempt for complete nonpayment for each of the six months alleged in Bruntz's second order to show cause. The court awarded Stover a $441 per month child care credit for the period of January1, 2007 to May 31, 2011. It also set child support at $490 per month, without any child care add-on, for the period of June 1, 2011 to December 31, 2012, and at $699 per month, without any child care add-on, for the period of January 1, 2013 to November 31, 2013. The court also sanctioned Bruntz $1,250 for discovery violations. Bruntz timely appealed.

DISCUSSION

I

*Retroactivity Provision*

Bruntz contends the court erred in awarding Stover a child care credit of $441 per month for each month from January 1, 2007 to May 31, 2011. She argues that the effect of the credit was to improperly modify the April 2007 support order retroactively before Stover had filed his motion for modification on May 10, 2011. We agree the court was statutorily empowered to retroactively modify the April 2007 support order to the date Stover filed his motion, but no earlier. The court thus erred in awarding Stover child care credits beginning in January 2007.

6

With exceptions not relevant here, section 3653, subdivision (a) states that "[a]n order modifying or terminating a support order may be made retroactive to the date of the filing of the notice of motion or order to show cause to modify or terminate, or to any subsequent date[.]" (Fam. Code, § 3653, subd. (a); see also 42 U.S.C. 666, subd. (a)(9)(C) [retroactive modification of support order only permissible to date that notice of a pending petition for modification has been given].)  Section 3651 provides the same. (Fam. Code, § 3651, subd. (c)(1) ["Except as provided in paragraph (2) and subdivision (b) [exceptions not relevant here], a support order may not be modified or terminated as to an amount that accrued before the date of the filing of the notice of motion or order to show cause to modify or terminate"].)  Section 3603 likewise states, "[a]n order made pursuant to this chapter may be modified or terminated at any time except as to an amount that accrued before the date of the filing of the notice of motion or order to show cause to modify or terminate." (Fam. Code, § 3603.)

By their plain terms, these statutory provisions "permit[] the trial court to make its ruling retroactive to the filing date of the motion, but no earlier." (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 300.)  "The filing date, in other words, establishes the outermost limit of retroactivity." (*In re Marriage of Murray* (2002) 101 Cal.App.4th 581, 595 (*Murray*).)

"The Legislature has established a bright-line rule that accrued child support vests and may not be adjusted up or down. [Citations.]  If a parent feels the amount ordered is too high—or too low—he or she must seek prospective modification." (*In re Marriage of Tavares* (2007) 151 Cal.App.4th 620, 625-626 (*Tavares*).)  "Accordingly, a trial court has no discretion to absolve an obligor of support arrearages, or interest thereon." (*Id.* at p. 626.)

A court order modifying support retroactive to any time period *before* the filing date of a modification motion would thus violate the governing statutory scheme.  Such an act, moreover, would be in excess of the court's jurisdiction. (*In re Marriage of*

7

*Gruen* (2011) 191 Cal.App.4th 627, 639 (*Gruen*) [court's retroactive modification of support order when no modification motion pending exceeded the court's jurisdiction].) " 'A court acts in excess of jurisdiction "where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no 'jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites." ' " (*Ibid.*)

In this case, the court apparently relied on the retroactivity condition contained in the April 2007 order to allow Stover a credit for each month that Bruntz could not prove child care expenses. The effect of the court's order was to retroactively reduce the arrearages Stover owed under the April 2007 support order for several years preceding the filing of Stover's modification motion. By awarding Stover a child care credit of $441 for each month from January 2007 until Stover filed his modification motion on May 10, 2011, the court effectively reduced the $1,000 support amount previously ordered to $559 and completely wiped out many of the accrued arrearages. This the court could not do.

That the court labeled the adjustment a "credit" rather than a retroactive modification is of no moment. It is the effect of the order that is paramount. (See e.g., *Gruen, supra,* 191 Cal.App.4th at p. 640 ["regardless of the court's intent or how it labeled the [order], retroactive modification is forbidden"]; *Tavares, supra,* 151 Cal.App. 4th at p. 626 ["trial court was not required to countenance father's disguised attempts at a prohibited retroactive modification of support" where he claimed he did not wish to "set aside" prior order but that was "precisely the effect of his proposal for an accounting and recalculation of arrearages"].)

We find *Tavares* instructive. There, like here, the father argued that to the extent his payments of child support exceeded actual child care costs he was due a credit for the difference towards his arrears. (*Tavares, supra,* 151 Cal.App.4th at p. 624.) He insisted that "without documented receipts and sworn testimony, an obligor has no assurance a

8

child has received daycare at all." (*Id.* at p. 625.) According to the appellate court, the father's argument was nothing more than an improper attempt to modify the child care support order retroactively, which the trial court properly rejected. (*Ibid.*)

Notably, the *Tavares* court found that section 3692 forestalled his argument that the court-ordered support amount exceeded actual child care costs. (*Tavares, supra,* 151 Cal.App.4th at p. 626.) That section provides, "Notwithstanding any other provision of this article, or any other law, a support order may not be set aside simply because the court finds that it was inequitable when made, *nor simply because subsequent circumstances caused the support ordered to become excessive* or inadequate." (Fam. Code, § 3692; italics added.)

Had Stover "harbored a suspicion the court's childcare support orders no longer reflected actual costs, his remedy was to seek prospective modification of his support obligation." (*Tavares, supra,* 151 Cal.App.4th at p. 627; see also Fam. Code, §§ 3653, 3680.) He did not do so until May 10, 2011, when he filed his motion to modify support. Thus, the court erred in awarding him a child care credit for each month preceding the filing of the motion.

Bruntz also contends without any citation to the record that the court found the April 2007 order ambiguous which could not be enforced by contempt. The court's order itself contains no such finding. The court, moreover, did find Stover in contempt for the six month period from February 2011 to July 2011, which was the subject of Bruntz's second order to show cause for contempt. In light of the above, and given our conclusion that retroactive modification is only permitted to the date a motion to modify is filed, we need not address Bruntz's improperly raised ambiguity argument. (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 (*Duarte*) ["If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived"].)

9

## II

### *Estoppel*

Having concluded that the court acted in excess of its jurisdiction when it imposed the retroactivity condition in the April 2007 support order to allow Stover a child care credit for any time period before May 10, 2011, we must next decide whether Bruntz is estopped from raising the issue because she did not initially object to the retroactivity condition or otherwise appeal the April 2007 order. Stover answers that question in the affirmative. For important public policy reasons, however, we conclude otherwise.

We note that, Stover's brief also makes a passing reference questioning whether Bruntz can appeal the court's order because she allegedly accepted certain child care support payments following the trial. But he does not support the argument with any reasoned analysis or citation to authority. We therefore deem the issue waived. (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862 (*Nelson*) [court declined to address argument on issue that appellant had failed to provide more than a brief recitation of the argument in his appellate brief without supporting authority]; (*Duarte, supra,* 72 Cal.App.4th at p. 856 ["If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived"].)

Citing *Murray*, a spousal support case involving no children, Stover contends the retroactivity condition in the April 2007 order cannot now be challenged because Bruntz never appealed the condition when it was first entered. In *Murray*, the trial court suspended the husband's previously ordered support obligation due to his failing health and business, but the court reserved the right to reinstate the support obligation retroactively. (*Murray, supra,* 101 Cal.App.4th at p. 590.) Neither party objected to the retroactive condition at the time. (*Ibid.*) Nearly seven years later, the court found the husband had been able to pay support during the entire period, retroactively reinstated his

10

support obligation, and ordered him to pay all accrued arrears. (*Id.* at p. 592.) After concluding the trial court acted in excess of its jurisdiction by imposing the retroactive condition in its support order to modify support to a date *before* the filing of a noticed motion to modify or an order to show cause (*Murray, supra,* 101 Cal.App.4th at p. 598), the appellate court nevertheless found the husband was estopped from attacking the retroactive order because he had failed to timely challenge the retroactivity condition. (*Id.* at pp. 599-600.)

While it is true that in general " 'a final judgment or order is res judicata even though contrary to statute where the court has jurisdiction in the fundamental sense, i.e., of the subject matter and the parties' " (*Murray, supra,* 101 Cal.App.4th at p. 599), like the court in *Murray* recognized, there are circumstances where principles of estoppel should not be applied. (See *ibid.* [a judgment may be collaterally attacked where unusual circumstances exist].) Although no such special circumstances were found in that spousal support case, we believe the present matter involving support for minor children is different.

Indeed, "appellate courts have voided acts in excess of jurisdiction when the irregularity was too great or when the act violated a comprehensive statutory scheme or offended public policy[,]" especially policies concerning children. (*In re Marriage of Jackson* (2006) 136 Cal.App.4th 980, 988-989 (*Jackson*).) In *In re Marriage of Goodarzirad* (1986) 185 Cal.App.3d 1020, 1026-1027 (*Goodarzirad*), for example, the court found that a stipulated judgment divesting the trial court of jurisdiction over custody of a couple's minor children was subject to collateral attack because the judgment violated the state's strong public policy in favor of maintaining judicial supervision over child custody to protect and maintain the best interests of the children. Likewise, in *Jackson, supra,* 136 Cal.App.4th at pages 988-989, the court found that a collateral attack on an order terminating parental rights was proper because the order

11

exceeded the court's jurisdiction and contravened the public policy in favor of a child having two parents rather than one.

As in *Goodarzirad* and *Jackson*, we conclude that Bruntz may collaterally attack the retroactivity condition in the April 2007 support order in challenging the court's award of child care credits to Stover.   The Legislature has declared the important public policy of protecting minor children to ensure that their needs are met when their parents separate.  (*In re Marriage of Ayo* (1987) 190 Cal.App.3d 442, 451 ["This state has long espoused a policy that the welfare of children is of upmost importance.  'In any proceedings involving custody and support it is axiomatic that the "court should always adopt the course that is best for the best interests of the child" ' "]; see also Fam. Code, § 3020, subd. (b) [Legislature finds and declares that it is the policy of this state to encourage parents to share in the rights and responsibilities of raising their children].)  In doing so, the Legislature has determined that "equity is not served by retroactive modification of support orders, where simplified procedures are available for prospective modification." (*Tavares, supra,* 151 Cal.App.4th at p. 628.)

Barring Bruntz from attacking the retroactivity condition contravenes these venerable public policies.  And allowing Stover to avoid child care costs for several years in which no motion to modify has been filed could seriously destabilize the minor children's home life and Bruntz's ability to meet their needs.  This is especially so since they reside with her for almost 95 percent of the time and Stover rarely has them.

III

*Discovery Admissions and Sanctions*

In addition to attacking the retroactive modification of Stover's support obligations and arrearages, Bruntz also contends the court erred in deeming Stover's requests for admissions admitted and in failing to set the admissions aside so she could

prove at trial that she actually incurred child care expenses for the children during the years at issue. The court did not err.

Under Code of Civil Procedure section 2033.010, a party may request that another litigant "admit the genuineness of specified documents, or the truth of specified matters of fact, opinion relating to fact, or application of law to fact. A request for admission may relate to a matter that is in controversy between the parties." If a litigant fails to timely respond, the propounding party may move the court for an order deeming the truth of any matters specified in the requests admitted. (Civ. Proc. Code, § 2033.230, subd. (b).) "Matters that are admitted or deemed admitted through [request for admissions] discovery devices are conclusively established in the litigation and are not subject to being contested through contradictory evidence." (*St. Mary v. Superior Court* (2014) 223 Cal.App.4th 762, 775; Civ. Proc. Code, § 2033.410.)

While the discovery statutes do include a mechanism for withdrawing a deemed admission, a party may withdraw such an admission only on leave of court granted after notice to all parties. (Code Civ. Proc., §2033.300, subds. (a) & (b).) The court may permit withdrawal of an admission only if the admission was the result of mistake, inadvertence, or excusable neglect and the opposing party will not be substantially prejudiced. (*Ibid.*; see also *Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 978, 983 [statute permits withdrawal of deemed admissions].)

In this case, Bruntz was deemed to have admitted, among other things, that her children were not enrolled in any day care programs related to her employment from January 2007 to November 2013, when the court granted Stover's motion to compel responses. In other words, she admitted she incurred no child care costs for that time period.

She does not dispute that she did not timely respond to the requests for admissions. Instead she contends the court should have set the deemed admissions aside because as a pro per litigant she was unfamiliar with the discovery statutes.

13

Bruntz, however, was not exempt from the foregoing rules because she represented herself during the litigation. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) A party who chooses to act as his or her own attorney " 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' " (Id. at p. 1247.) "Thus, as is the case with attorneys, pro. per. litigants must follow correct rules of procedure." (*Ibid*.; *Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193 [self-represented party "held to same restrictive procedural rules as an attorney"].) Bruntz, then, was not entitled to disregard the rules for timely responding to discovery and she was not immune from the consequences of a failure to do so. Nor was she entitled to submit belated responses to the request for admissions without first moving the court to have the deemed admissions withdrawn, which she failed to do.

Our previous determination that Stover is not entitled to a child care credit for any alleged overpayments before he filed his motion to modify means that Bruntz's admissions covering the time period of January 2007 to May 2011 are irrelevant and cannot serve as a basis to retroactively modify the support order. (*Tavares*, *supra*, 151 Cal.App.4th at pp. 626-627.) The situation is different, however, for her admissions for each month from June 2011 to November 2013, which is after Stover filed his modification motion. That time period is subject to retroactive modification under the statute (§ 3653), and the court was amply justified in so modifying the $1,000 support order to reflect reduced support amounts without any child care add-ons for that time period.

The court, moreover, was justified in sanctioning Bruntz for failing to timely respond to the discovery. Under Code of Civil Procedure section 2033.280, it is mandatory that the court impose a monetary sanction on the party or attorney whose failure to serve a timely response to a request for admission necessitates a motion to compel responses like the one filed here.

14

IV

*Child Support Award Without Child Care Add-Ons*

Bruntz contends the court erred in failing to award childcare add-ons for the time period between June 2011 to November 2013.  We disagree.

In addition to basic child support established by the guideline formula in section 4055, subdivision (a), a trial court *must* order certain other costs as additional support, including childcare costs related to employment, training, or education.  (§ 4062, subd. (a)(1); see *id.* at § 4061, subd. (a).)  Where the evidence shows no such costs, however, the court would have no mandatory duty to impose work related childcare costs as an add-on to the basic child support.

Given our conclusion that the court did not err in deeming Bruntz to have admitted that there were no work related child care costs from January 2007 to November 2013, the court was amply justified in not awarding such costs for June 2011, after Stover had filed his motion to modify support the previous month, to November 2013, the outside date of the deemed admissions.

V

*Dismissal of Modification Motion*

Bruntz contends the court should have dismissed Stover's motion to modify child support because he was in arrears on his payments.  Given his alleged unclean hands for failing to pay sufficient child support, she claims the court should have disregarded his modification motion.

Courts have recognized that not every debtor-spouse or parent has unclean hands merely by virtue of having failed to pay child support.  (*In re Marriage of Dancy* (2000) 82 Cal.App.4th 1142, 1157, superseded by statute on other grounds.)  In any event, the evidence shows that Stover paid *some* child support, even if not the full amount, for each month from January 2007 until Bruntz  filed the initial order to show cause.  This fact

distinguishes the present matter from *Soderberg v. Soderberg* (1923) 63 Cal.App. 492, 494-495, which Bruntz cites for the proposition that a party in flagrant contempt of a court order may not seek the court's assistance in modifying the order. Unlike here, the obligor in *Soderberg* made only one payment over an eight year period as required by the support order he sought to modify. (*Id.* at pp. 493-494.) While *Soderberg* acknowledges that a court *may* refuse assistance under such circumstances, nothing in the opinion requires that a court do so. We discern no error in the court ruling on Stover's motion to modify support.

### DISPOSITION

The order after hearing filed June 19, 2014, awarding Stover certain child care credits, excluding other child care costs, and imposing discovery sanctions on Bruntz is reversed in part and affirmed in part. The court is directed to enter a new order consistent with this opinion. The parties shall bear their own costs on appeal.


                                                    HULL            , Acting P. J.



We concur:



        MURRAY        , J.



        DUARTE        , J.


16

Filed 5/30/17

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| RUSSELL E. STOVER, | C077206 |
| Plaintiff and Respondent, | (Super. Ct. No. SFS21887) |
| v. | |
| EILEEN G. BRUNTZ, | ORDER CERTIFYING OPINION FOR PUBLICATION |
| Defendant and Appellant; | |
| PLACER COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, | |
| Intervener and Respondent. | |

APPEAL from a judgment of the Superior Court of Placer County, Michael A. Jacques, Judge. Reversed in part and affirmed in part.

Eileen G. Bruntz, in pro. per. for Defendant and Appellant.

Russell E. Stover, in pro. per. for Plaintiff and Respondent.

No appearance for Intervener and Respondent.

1

THE COURT:

The opinion in the above-entitled matter filed on May 1, 2017, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

BY THE COURT:



      HULL      , Acting P.J.



      MURRAY      , J.



      DUARTE      , J.