Filed 3/14/25  Marriage of Reddi CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| In re Marriage of SATYA V. and LAKSHMI REDDI. | |
| SATYA V. REDDI, Appellant, v. LAKSHMI REDDI, Respondent. | G063509 (Super. Ct. No. 99D007398) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Thomas J. Lo, Judge. Appeal dismissed. Motion for sanctions granted.

Satya V. Reddi, in pro. per., for Appellant.

Law Offices of Lisa R. McCall and Lisa R. McCall; Hughes & Hughes, and Lisa Hughes for Respondent.

\* \* \*

This is the seventh appeal in this marital dissolution action and related cases. Appellant Satya Reddi (Satya), a vexatious litigant, filed two requests for orders (RFOs) that sought to undo decades-old and long-final orders relating to the dissolution action. The trial court found that both of Satya's requests were "meritless," admonished him against continuing to file meritless requests, and ordered him to pay sanctions to respondent Lakshmi Reddi (Lakshmi)[1] in the amount of $10,000.

Because of the inadequate record and failure to offer meaningful argument on the pertinent issues, we dismiss the appeal. The appeal is patently meritless under the relevant legal standard. We also find that sanctions are appropriate to reimburse Lakshmi for her attorney fees, and order Satya to pay sanctions in the amount of $10,000. This amount is in addition to any sanctions ordered by the trial court.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

As noted above, this is the seventh appeal in this case and related matters. The prior appeals are: (1) *In re Marriage of Reddi* (July 31, 2003, G029401) [nonpub. opn.] (*Reddi I*); (2) *In re Marriage of Reddi* (Dec. 30, 2009, G040864) [nonpub. opn.] (*Reddi II*); (3) *Reddi v. Zwick et al.* (July 7, 2011, G044385) [nonpub. opn.] (*Reddi III*); (4) *In re Marriage of Reddi* (Mar. 13, 2012, G044888) [nonpub. opn.] (*Reddi IV*); (5) *Reddi v. Hughes & Hughes et al.* (Oct. 23, 2013, G047637) [nonpub. opn.] (*Reddi V*); and (6) *Reddi v. Reddi* (Nov. 30, 2020, G058882) [nonpub. opn.] (*Reddi VI*).

---

[1] Lakshmi passed away on August 1, 2020. She is now represented by her son and executor, Sridhar Reddi. For ease of reference, we continue to refer to Lakshmi as a litigant. Further, as is common in family law cases, we refer to parties by their first names due to their common surname. (*In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 475-476, fn. 1.)

*A. Historical Facts*

In *Reddi VI*, we summarized the background: "'Satya and Lakshmi have been divorced since 2000, when they obtained a dissolution of . . . their marriage. The property and support issues were tried in 2001. The trial resulted in an order for permanent spousal support set at $3,000 a month. Since that time, Satya has complained vociferously on many occasions that the initial $3,000 support order was erroneous as a matter of law because it did not reflect the "marital standard of living." Significantly, though, Satya did not appeal from the judgment awarding his ex-wife $3,000. His first appeal, *Reddi I,* raised just one issue, and that only concerned the absence of a written tentative decision. *(Reddi I, supra,* G029401.) Thus, whether the support order was [an] abuse of discretion or not, Satya was stuck with a final judgment providing for $3,000 a month spousal support award. This court has no power to undo that final judgment."' (*Reddi VI, supra,* G058882.)

*Reddi VI*, *supra*, G058882, continued: "'*Reddi I* was decided in 2003. In the ensuing seven years Satya launched no less than three separate [orders to show cause (OSC)] seeking to terminate or reduce his spousal support—in December 2004, May 2006, and June 2009 . . . .

"'Each time Satya has tried to change the spousal support award he has had about as much luck as Don Quixote had in charging the windmills he mistook for giants. But each time Satya's lack of success would precipitate several rounds of collateral litigation, usually in the form of secondary requests by Lakshmi for attorney fees, followed by tertiary counterattacks from Satya in the form of requests to set aside or reconsider the inevitably ensuing attorney fee orders. In one case, the secondary and tertiary proceedings engendered the appeal which resulted in *Reddi II* [in which

3

Satya obtained a reversal of two orders only because of unfortunate comments by the original trial judge indicating bias and not because of the merits]. All the while, the fees which Lakshmi incurred as a result of Satya's efforts would mount up.

"'Satya also sued, for malpractice, the lawyers who handled his 2001 trial. Ironically, he obtained what this court noted in *Reddi III* as "some significant relief" in that suit in the form of having his own legal fees of over $100,000 forgiven, plus receiving an extra $160,000 in a malpractice settlement. *(Reddi III, supra,* G044385.) And yet, dissatisfied with that "significant relief," he sued the lawyers for malpractice who obtained that relief for him. As we characterized his efforts in *Reddi III,* the case was "literally, a malpractice action based on a previous malpractice action." [Citation.]' [Citation.]

"'*Reddi IV, supra,* G044888, concerned proceedings surrounding Satya's third OSC to terminate Lakshmi's spousal support. Satya and his new wife resisted all Lakshmi's attempts at obtaining discovery related to the OSC. The trial court appointed a discovery referee. The discovery referee vigorously condemned Satya's obstreperous behavior describing it as follows: "'Grabbing a greased pig, wrestling an octopus, catching an eel, or finding the proverbial needle would be easier than obtaining discovery compliance from [Satya].'" [Citation.] "[The discovery referee] not only recommended the striking of Satya's [OSC] pleadings and payment of attorney fees to Lakshmi, he went so far as to propose criminal proceedings (against Satya] for disobedience to court orders."[Citation.]' [Citation.]

"'The trial court ultimately implemented most of the discovery referee's recommendations entering orders that, among other things: dismissed Satya's OSC to modify spousal support; awarded Lakshmi $50,000

4

as sanctions under Family Code section 271; and awarded Lakshmi a total of $216,000 in accumulated attorney fees. [Citation.] On appeal, this court affirmed the trial court's order rejecting Satya's arguments, which were generally premised upon "fundamental misunderstanding[s] of the litigation process." [Citation.] Of note, we observed Satya's challenge to the attorney fees award "amount[ed] to little more than ad hominem attacks on Lakshmi's counsel [Hughes & Hughes], attributing to [it] a Rasputin-like influence on the trial judge." [Citation.]' [Citation.]

"'Having failed in all attempts to undo the spousal support order *in* the family law proceeding, Satya devised a different strategy. On July 27, 2012, he filed his pro. per. complaint against Hughes & Hughes. The monolithic pleading, filled with redundant hyperbole and invective, expands on the theme this court identified in *Reddi IV, supra,* G044888, i.e., he accuses Hughes & Hughes of improperly influencing or misleading every trial judge who has ruled in the family law action (and the various panels of this court that have affirmed the trial court orders), to rule against him.' [Citation.]

"As described in *Reddi V, supra,* G047637, one of Satya's many contentions discussed Lakshmi's . . . [guardian ad litem (GAL)]. 'Hughes & Hughes withdrew as Lakshmi's attorney of record in 2005, but continued to litigate on her behalf, without demonstrating it had authority from her to do so. Instead, Hughes & Hughes filed a substitution of attorneys signed by Lakshmi's [GAL], the couple's adult son Sridhar, misleading the trial judges to believe Lakshmi was incompetent. Hughes & Hughes later filed a substitution of attorney signed by the GAL and Lakshmi, thus interfering with Satya's 'statutory right not to recognize them as [Lakshmi's] attorneys of record . . . .'" [Citation.]

"'Satya alleged Hughes & Hughes assigned Sridhar "the role of fake [GAL] to act like a genuine court appointed [GAL] to maintain the litigation against Satya and extended credit line for legal fees far beyond what Sridhar can afford to pay." He alleged Hughes & Hughes "knew that Lakshmi was a competent person to understand the court proceedings and testify. However, they deliberately, intentionally, and maliciously lied to every judge that Lakshmi was an incompetent person and presented the fake [GAL] to act like a court appointed genuine [GAL] to defeat the due administration of justice." Satya alleged various facts pertaining to Lakshmi's education and ability to read and understand English that he contended undermined the family court's appointment of a GAL for her.' [Citation.]" (*Reddi VI*, *supra*, G058882.)

The trial court in *Reddi V* found, however: "'Documents submitted in support of the [law firm's] special motion to strike included the 2000 order appointing Sridhar, a medical doctor, as Lakshmi's GAL because she "has been determined to have a reading comprehension level which demands assistance in this proceeding" as determined in a professional vocational examination and evaluation. Satya was unsuccessful in his motions in the family law proceeding to have the GAL removed.'" (*Reddi VI*, *supra*, G058882.)

"In *Reddi V, supra,* G047637, we affirmed the trial court's determination that all 12 causes of action (in the 77-page complaint) arose from protected activity and Satya could not demonstrate a probability of prevailing because the alleged misconduct was absolutely protected by the litigation privilege of Civil Code section 47, subdivision (b). Thereafter, the California Supreme Court denied Satya's petition for review. Undeterred, Satya filed and lost (1) his malpractice action against Hughes & Hughes filed

6

in a federal district court, (2) his appeal before the United States Court of Appeals, Ninth Circuit, and (3) his petition for a writ of certiorari before the United States Supreme Court." (*Reddi VI, supra,* G058882.)

In *Reddi VI, supra,* G058882, Satya appealed from an order dismissing his complaint against Sridhar for his actions taken while he was acting as his mother's GAL. Satya raised 14 issues, "none of which [had] any merit" and we affirmed the order.

*B. Instant RFO's*

Satya filed two requests for orders, on August 30, 2023, and September 11, 2023. There are no copies of these requests in the extremely brief clerk's transcript, which includes only five items. According to Lakshmi, Satya sought, among other things, 1) an order vacating the November 2000 appointment of Sridhar as GAL; 2) corrections to the April 2001 order, revising the amount of spousal support and changing the ownership of properties; 3) an order vacating all prior orders against him for legal fees, costs, and sanctions; 4) an order allowing Satya to seek recovery of moneys related to corrections, including prejudgment interest; and 5) legal fees and costs.

Not only are these requests absent from the record, so is any response by Lakshmi, as well as any supporting evidence. According to the court's order, there was a hearing on November 3, 2023. There is no reporter's transcript of that hearing. The court's findings and order are the few documents in the record on appeal: "The Court, finds that [Satya] seeks to vacate orders that are over 20 years old. The Judgment on Reserved Issues was entered on 04/17/2001, and the Judgment was affirmed on appeal. All orders are res judicata. [¶] The Court makes a finding that both of [Satya's] motions are meritless. [¶] The Court takes Judicial Notice of the finding on

7

08/23/2013, under Case No. 30-2013-00651150-CU-PO-CJC, where Judge Chaffee found that [Satya] is a vexatious litigant pursuant to Code of Civil Procedure, section 391, subdivision (b). [¶] The Court admonishes [Satya] that if he continues to file meritless requests, this Court may prohibit [Satya] from filing any new litigation without first obtaining authorization by the presiding Judge. [¶] Therefore, the Court orders that [Satya's] motion filed 08/30/23 and 09/11/23 are DENIED."

The trial court also found sanctions under Family Code section 271 appropriate. "The Court finds [Satya's] conduct frustrates the policy of law which includes, among other things, the reduction of the cost of litigation and the encouragement of cooperation between the parties and attorneys. The Court has further considered the financial ability of [Satya]. [¶] Therefore, the Court orders sanctions against [Satya] in the amount of $10,000. The Court believes this amount is fair, just and reasonable in light of all circumstances and does not impose an unreasonable burden on [Satya]."

Satya now purports to appeal from this order. His 53-page opening brief lists, as best we can determine, some 16 different issues. These arguments seek to relitigate the entire course of the marital dissolution case, which is now well over 20 years old.

DISCUSSION

I.

LAKSHMI'S REQUEST FOR JUDICIAL NOTICE

Lakshmi requests judicial notice of our six prior opinions in this matter, and the appellate docket in two California Supreme Court cases. Pursuant to Evidence Code sections 452, subdivision (d) and 459, the request is granted.

8

## II.

### MOTION TO DISMISS AND REQUEST FOR SANCTIONS

Lakshmi asks this court do dismiss Satya's appeal and impose $10,000 in sanctions, her estimated attorney fees in responding to this appeal. We do not consider such requests lightly, but Lakshmi's is well-taken.

*A. Motion to Dismiss*

1. The Record is Inadequate

As we noted above, the record Satya submitted on appeal includes only five documents: (1) Satya's September 19, 2023 request for judicial notice of various cases and statutes; (2) Satya's October 31, 2023 reply to Lakshmi's opposition to a continuance and various exhibits; (3) a December 6, 2023 Findings and Order After Hearing, which is the challenged order in this appeal; (4) the notice of appeal; and (5) the designation of the record on appeal.

This record is inadequate on its face. It fails to include Satya's requests for orders, the opposition, his reply, and any evidentiary materials attached to those pleadings. "The burden of affirmatively demonstrating error is on the appellant. This is a general principle of appellate practice as well as an ingredient of the constitutional doctrine of reversible error." (*Fundamental Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971.) The order of the "lower court is 'presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.'" (*Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 718.) "It is the appellant's affirmative duty to show error by an adequate record." (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.) "We cannot address matters that are outside of the record on appeal or issues that do not arise from the portion

9

of the litigation underlying the appeal in question." (*Kinney v. Overton* (2007) 153 Cal.App.4th 482, 485.)

Because the record itself is inadequate, it is unsurprising that Satya's briefs also lack pertinent record citations to the orders being appealed *in this case* (rather than orders from 20 years ago). "'It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations.' [Citations.] If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived. [Citation.]" (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; see *Stover v. Bruntz* (2017) 12 Cal.App.5th 19, 28.)

As we discuss below, this appeal is limited to the court's December 6, 2023 decision. (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170.) We, like the trial court, have no jurisdiction to review long-final orders. Because Satya has failed to include an adequate record to review the December 6 order, his appeal is subject to dismissal.

2. The Appeal is Frivolous

As noted above, Satya's RFO's, and his appeal from the court's denial of them, are attempts to rehash decades-old orders that have long since become final. His primary argument appears to refer back to offhanded comments made in 2003 by the trial judge at the time that Satya "had a horrible experience" in the court system and that the dissolution case had been a "comedy of errors." He contends these and similar comments provide a legal basis for undoing everything that has happened both before and after. That, however, is simply not how the court system works, and none of the cases Satya cites state otherwise. The bottom line is that the orders Satya

10

asked the trial court to undo are long since final and neither the trial court nor this court has the jurisdiction to undo them.

We have stated this in multiple prior appeals. "We disregard the material in much of [Satya's] opening brief, because it is really directed at the merits of an *initial* spousal support order made in favor of Satya's ex-wife Lakshmi back in April 2001. That order has long since become final and is beyond the jurisdiction of this court to review." (*Reddi II, supra,* G040864.) "[W]hether the support order was within the bounds of abuse of discretion or not, Satya was stuck with a final judgment providing for $3,000 a month spousal support award. This court has no power to undo that final judgment." (*Reddi IV, supra*, G044888.) This comment was repeated in *Reddi V, supra,* G047637, and *Reddi VI, supra,* G058882. As we noted above, Satya has repeatedly tried to change the court's prior orders and has been unsuccessful at every turn. He is, and any reasonable person would be, well aware that the dissolution orders are long final and unappealable.

Our repeated statements in prior appeals make it exceedingly clear that this court cannot review orders that have long since become final and render this appeal frivolous. "An 'appeal is frivolous "when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit."' [Citation.] 'Courts "impose a penalty for a frivolous appeal for two basic reasons: to discourage further frivolous appeals, and to compensate for the loss that results from the delay."' [Citation.] Dismissal is an authorized sanction for prosecuting a frivolous appeal. [Citation.] 'California courts have the inherent power to dismiss frivolous appeals.'" (*In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 79.) We exercise our power to dismiss an appeal as

11

frivolous cautiously, using it only when the issue is absolutely clear. (*Semprini v. Wedbush Securities Inc.* (2024) 101 Cal.App.5th 518, 525, fn.3.)

But if any appeal qualifies as frivolous, it is this one. Any reasonable attorney would find this appeal is without merit. (*In re Marriage of Deal, supra,* 80 Cal.App.5th at pp. 79–80.) Satya has been informed repeatedly, through our prior opinions, that the court's long-final orders are not up for discussion, review, or relitigation. He nonetheless continues to file motion after motion and appeal after appeal. A vexatious litigant order has only prevented him from filing new cases, not from seeking orders in the original matter. Enough is enough, and we will no longer tolerate his efforts. They are a waste of time, money, and judicial resources.

The appeal is dismissed as frivolous.

*B. Request for Sanctions*

Lakshmi requests $10,000 as sanctions to reimburse her attorney fees for this appeal. [2] Having already determined that the appeal is frivolous, Code of Civil Procedure section 907 applies. It states: "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." (Code Civ. Proc., § 907.) Rule 8.276 (a)(1) of the California Rules of Court also allows a court to impose sanctions on a party for filing a frivolous appeal.

---

[2] Pursuant to the California Rules of Court, rule 8.276(c), we gave notice that we were considering sanctions and gave Satya the chance to brief the issue. We have reviewed the letter brief he submitted. His main argument was, once again, that the order reviewed by this court in 2001, in *Reddi I, supra,* G029401, was "void," as were all postjudgment orders related to spousal support. He further stated the motion for sanctions was "preposterous."

The total lack of merit of an appeal is evidence that the appellant brought it in bad faith. (*In re Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 516.) We find Satya's prosecution of this appeal to be in bad faith, and conclude that sanctions are appropriate. Sridhar submitted a declaration stating that he has incurred approximately $10,000 in attorney fees in the current appeal. We conclude that is an appropriate and reasonable amount of sanctions.

## DISPOSITION

The appeal is dismissed. Satya is ordered to pay Lakshmi $10,000 in sanctions within 30 days of the issuance of the remittitur in this matter. This amount is in addition to any sanctions ordered by the trial court. Lakshmi is also entitled to her costs on this appeal.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


SANCHEZ, J.